UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH NOE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| HARRIS-STOWE STATE UNIVERSITY, | ) Jury Trial Demanded ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant Harris-Stowe State University ("Harris-Stowe"), by and through the undersigned counsel, hereby removes Case No. 2322-CC09642, *Kenneth Noe v. Harris-Stowe State University*, an action from the Circuit Court of the City of St. Louis in the State of Missouri ("State Court Action"), to the United States District Court for the Eastern District of Missouri. Harris-Stowe removes the State Court Action under 28 U.S.C. §§ 1331, 1367, and 1446, on the factual and legal grounds discussed below.

**I.     PLEADINGS, PROCESS, AND ORDERS**

1. On or about December 4, 2023, the State Court Action was commenced in the Circuit Court of the City of St. Louis in the State of Missouri, entitled *Kenneth Noe v. Harris-Stowe State University*, and assigned Case No. 2322-CC09642.

2. On December 12, 2023, Counsel for Harris-Stowe was served with a Summons and Petition ("Complaint") by mail. Declaration of Sonette T. Magnus, attached hereto as **EXHIBIT A, ¶ 6**. Counsel for Harris-Stowe subsequently acknowledged service by mail pursuant to Missouri Rule of Civil Procedure 54.16. *Id.* at ¶¶ 5-7.  No other proceedings have occurred in the State Court Action.

3. A complete copy of the file from the State Court Action, including a copy of the Summons, Complaint, and all pleadings, process, and orders served on Harris-Stowe, as well as a copy of the docket sheet is attached hereto as **EXHIBIT B**, in accordance with 28 U.S.C. § 1446(a) and Local Rule 2.03.

## II.    FEDERAL QUESTION JURISDICTION

4. A state court action may be removed to this Court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

5. Federal district courts have original jurisdiction over all civil actions "arising under" the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331; 1441(a).

6. In the Complaint, Plaintiff alleges that Harris-Stowe violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (the "ADA"). *See* Complaint, Count II (Failure to Accommodate brought pursuant to the ADA), ¶¶ 135-154; Count IV (Retaliation brought pursuant to the ADA), ¶¶ 169-181. Accordingly, this action "arises under" the laws of the United States and satisfies the requirements for federal question jurisdiction.

## III.   SUPPLEMENTAL JURISDICTION

7. In the State Court Action, Plaintiff also alleges claims under the Missouri Human Rights Act (the "MHRA"), Mo. Stat. § 213.010 *et seq. See id.*, Count I (Disability Discrimination), ¶¶ 116-134; Count III (Hostile Work Environment), ¶¶ 155-168.

8. Plaintiff also alleges Harris-Stowe breached contractual obligations to Plaintiff pursuant to a Collective Bargaining Agreement and Harris-Stowe Policy 4180. *See id.*, Count V (Breach of Contract), ¶¶ 182-184; Count VII (Breach of Contract), ¶¶ 185-187. Finally, Plaintiff

petitions the State Court for review of an administrative decision pursuant to Mo. Stat. § 536.150. *See id.*, Count VIII.[1]

9. This Court has supplemental jurisdiction over the Counts I, III, V, VII, and VIII because they "form part of the same case or controversy" as Plaintiff's ADA claims. 28 U.S.C. § 1367. Supplemental jurisdiction is proper if the causes of action in question "derive from a common nucleus of operative fact," such that Plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 723 (1966). Here, the Complaint makes clear that Plaintiff relies on the same operative facts for *all* claims. Plaintiff's state claims are substantially related to his ADA claim because they arise from the same core alleged factual issues – Plaintiff's employment with and the end of his employment with Harris-Stowe.

10. Given the foregoing, removal is proper as to the entire State Court Action under 28 U.S.C. § 1441.

IV. **TIMELINESS OF REMOVAL**

11. This Notice of Removal is timely.

12. Plaintiff filed the Complaint on or about December 4, 2023. Counsel for Harris-Stowe received a Summons and the Complaint on December 12, 2023 and acknowledged service by mail pursuant to Missouri Rule of Civil Procedure 54.16. **EXHIBIT A**, ¶¶ 5-7. Under these circumstances, December 12, 2023 is the date of service. *See Quinlan v. Party City Corp.*, No. 4:19 CV 163 CDP, 2019 WL 1586561, at *2 (E.D. Mo. Apr. 12, 2019) (explaining that when counsel acknowledged service by mail under Mo. R. Civ. P. 54.16, the date of service for purposes of removal was the date counsel received the Summons and Complaint).

---

[1] The Complaint erroneously does not contain a Count VI.

13. Harris-Stowe now files this Notice of Removal within 30 days of service of the Summons and Complaint, and within one year of the date on which the Complaint was filed.

## V. **HARRIS-STOWE HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL**

14. Harris-Stowe filed a notice of removal and a copy of this Notice in the Circuit Court of the City of St. Louis, State of Missouri, in accordance with 28 U.S.C. § 1446(d).

15. Harris-Stowe has served Plaintiff with a copy of this Notice, pursuant to 28 U.S.C. § 1446(d).

16. For the foregoing reasons, this Court has original jurisdiction over this lawsuit. 28 U.S.C. §§ 1331 and 1446.

Respectfully submitted,

**THOMPSON COBURN LLP**

By: _____
Sonette T. Magnus, MO68606
Stephanie C. Cohan, MO70919
One US Bank Plaza
St. Louis, Missouri  63101
Tel: 314-552-6500
Fax: 314-552-7000
smagnus@thompsoncoburn.com
scohan@thompsoncoburn.com

*Attorneys for Defendant*
*Harris-Stowe State University*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been mailed, first class mail postage prepaid, this 10th day of January, 2024, to:

| | |
|---|---|
| Jeremy D. Hollingshead | Daniel J. Bryar |
| Hollingshead & Dudley | Missouri National Education Association |
| 14323 S. Outer 40 Road, Suite 204N | 955 Gardenview Office Parkway |
| Town and Country, Missouri 63017 | St. Louis, Missouri 63141 |
| Tel: 314-925-7626 | Tel: 573-508-8531 |
| Fax: 314-667-4798 | daniel.bryar@mnea.org |
| jhollingshead@hdtriallawyers.com | |
| Attorney for Plaintiff Kenneth Noe | Attorney for Plaintiff Kenneth Noe |

                                               */s/ Sonette T. Magnus*