Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



**HARRIS-STOWE**
STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

## Medical Inquiry Form
## ADA Reasonable Accommodation Request

**Information Pertaining to Medical Documentation:** In the context of assessing an accommodation request, medical documentation is required to determine if the employee has a disability covered by the ADA and to assist in identifying an effective accommodation. It is the responsibility of the employee to ensure this form is completed by the medical provider and returned back to the employer in order to complete the accommodation request.

Medical providers are asked to complete each section and fax back the signed and dated original form using the contact information on the attached document which also includes a description of the employee's job duties.

### Fax Completed Form To The Attention of Romney Edwards at FAX #314.340.3395

**Employee Name:**                    KENNETH NOE

**A. Questions to help determine whether the employee has a disability.**

**1. Existence of impairment:** For reasonable accommodation under the ADA, the employee has a disability if he or she has an impairment that substantially limits one or more major life activities or a record of such impairment.

**Does the employee have a physical or mental impairment?** ☒YES ☐NO

**a. If yes, what is the impairment?** Major depressive disorder, recurrent, severe, without psychosis
Panic disorder; Agoraphobia

**2. Limitations on major life activities:** Answer the following question based on what limitations the employee has when his or her condition is in an active state and what limitations the employee would have if no mitigating measures were used. Mitigating measures include things such as medication, medical supplies, equipment, hearing aids, mobility devices, assistive technology, auxiliary aids or services, prosthetics, etc. Mitigating measures do not include ordinary eyeglasses or contact lenses.

**Does the impairment substantially limit a major life activity as compared to most people in the general population?**     ☒YES ☐NO

**a.  If yes, what major life activity(s) (including major bodily functions) is/are affected? (Please circle).**

| | | | |
|---|---|---|---|
| ☐Bending | ☐Hearing | ☐Reaching | ☐Speaking |
| ☐Breathing | ☒Interacting with Others | ☐Reading | ☐Learning |
| ☐Seeing | ☒Thinking Concentrating | ☐Lifting | ☐Sitting |
| ☐Walking | ☐Eating | ☐Performing Manual Tasks | |
| ☒Sleeping | ☒Working | ☐Standing | ☒Caring for Self |

**EXHIBIT**

tables

**4**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



**HARRIS-STOWE**
STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

Other (Describe): Driving.

**b.  If yes, what major bodily function(s) is/are affected? (Please circle).**

☐Bladder ☐Digestive ☐Lymphatic ☐Reproductive

☐Bowel ☐Endocrine ☐Musculoskeletal ☐Respiratory

☐Brain ☐Genitourinary ☐Neurological ☐Special Sense Organs

☐Hemic ☐Cardiovascular ☐Normal Cell Growth ☐Circulatory

☐Immune ☐Operation of an Organ

Other (Describe):

**3. Duration:** Describe the nature, severity and anticipated duration of the impairment.

Temporary (explain):

Anticipated duration:  6-12 months

Temporary with residual side effects (explain):  Can have ongoing anxiety with periodic flare ups

Permanent:

Episodic/In Remission (explain):  Has ongoing anxiety and depression with periodic exacerbations

**B. Questions to help determine whether an accommodation is needed.**

1. What limitation(s) is interfering with job performance or accessing a benefit of employment?
Anxiety and fear of leaving house, intense anxiety among crowds, recurrent panic attacks, anxiety related
driving and being around other people being unsafe or unhealthy; severe depression

2. What job functions (description attached) or benefits of employment is the employee having
trouble performing or accessing because of the limitation(s)?

Being in a class or teaching class in-person due to fear of being around crowds of people and getting sick

3. How does the employee's limitation(s) interfere with his/her ability to perform the job
function(s) or access a benefit of employment?

Patient can have severe difficulty and has had to call off work due to being unable to drive comfortably, get
to work and due to severe anxiety of being in a class with other people.

**C. Questions to help determine effective accommodation options.**

1. Do you have any suggestions regarding possible accommodations to improve job performance?
☒YES ☐NO

a. If so, what are they?  Patient may be able to maintain his work on a virtual or remote basis

2. How would your suggestions improve the employee's job performance? Being in a safe/familiar
environment at home

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



# HARRIS-STOWE
## STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

**D. Other Questions or Comments:**

Health Care Provider Name:     SAIF-UR-RAHMAN PARACHA, MD

Health Care Provider Address:     5000 CEDAR PLAZA PARKWAY, SUITE 350, ST. LOUIS MO 63128

Health Care Provider Phone Number:     314-843-4333

Health Care Provider Signature: _____

Date:     8/30/2022

**Fax Completed Form to the Attention of <u>Romney Edwards</u> at FAX #<u>314.340.3395</u>**

---

This authorization does not cover, and the information to be disclosed should not contain, genetic information. "Genetic Information" includes: Information about an individual's genetic tests; information about genetic tests of an individual's family members; information about the manifestation of a disease or disorder in an individual's family members (family medical history); an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or a family member of the individual; and genetic information of a fetus carried by an individual or by a pregnant woman who is a family member of the individual and the genetic information of any embryo legally held by the individual or family member using an assisted reproductive technology.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# PCC PSYCH CARE CONSULTANTS

**WORK/SCHOOL EXCUSE**

Date: 8/30/22

Please excuse Kenneth Noe _____ from

☑ School
☑ Work

For the following date(s):

8/15/22 through 8/30/22

May return on:

8/31/22

Please contact my office at 314-569-1717 if you require additional information.

Sincerely,

CC: Patient's File

☐ **Clayton**
1201 Bellevue Avenue
St. Louis, MO 63117
Ph: 314-647-4488
Fax: 314-647-6305

☐ **Hazelwood**
737 Dunn Road
Hazelwood, MO 63042
Ph: 314-569-1717
Fax: 314-569-0441

☐ **St. Peters**
4905 Mexico Road
Suite 300
St. Peters, MO 63376
Ph: 636-928-5109
Fax: 636-441-1081

☐ **South County**
5000 Cedar Plaza Parkway
Suite 350
St. Louis, MO 63128
Tel: (314) 843-4333
Fax: (314) 843-4856

☐ **West County**
763 S. New Ballas Road
Suite 110
St. Louis, MO 63141
Ph: 314-569-1717
Fax: 314-569-0441

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

**EXHIBIT**

**5**

# HARRIS–STOWE
## STATE UNIVERSITY
*Change* HAPPENS HERE

**OFFICE OR HUMAN RESOURCES**

August 18, 2022

Dr. Kenneth Noe

Redacted-Personal Identifier

Dear Dr. Kenneth Noe,

I am writing with regards to your recent request for a continued remote-work accommodation.

As you were made aware in the communication from this office on January 24, 2022 responding to your penultimate ADA Accommodation request, "[a]fter careful review, we have determined that we will grant the accommodation of remote work through 5/14/2022. **However, we are unable to continue to provide you with a reasonable accommodation of remote work after 5/14/22. This is due to the need of having Faculty on site to fulfil required student facing interactions and your past failure to participate in meetings and events (including virtual events) where attendance is required [of] faculty (emphasis added)."** This office in consultation with the administration now informs you that the requested accommodation submitted on August 8, 2022 to work remotely through Spring 2023 is denied.

The University (and the world) have been compelled to manage a difficult past two years with the COVID-19 pandemic, shifting student needs and demands, and critical assessments of the University's needs. The University's students, including some of your past students, have suffered gravely on account of the remote environment and thus it is in the best interest of the student body as a whole, and commensurate with the University's needs, that all faculty instruct in person and be present to hold in-person office hours, perform their respective faculty advising duties in person, fulfil other administrative functions including those provided for in the CBA in person, and be accessible to administrators. All faculty are expected to serve our students in an interactive manner which requires day-to-day coordination with the students, as well as with administrators, to ensure the University is optimally serving our students. Your presence on campus is an essential function of your role as a member of faculty, and the University has determined that continued remote work would create an undue hardship for the University.

However, the University is committed to engaging with you to arrive at accommodations that meet the needs of the University and address the concerns raised by your request. Specifically, the University proposes the following accommodations:

1) Permitting you to require masks of students in your class, as well as during meetings with administrators, faculty and students (for conferences, advising, or otherwise);
2) Permitting you to restrict the front row of your classroom;
3) Limiting the classroom size to 12 to enable social distancing in the classroom; and
4) Permitting you to take an additional 15 minute break during class time if needed to address your health, so long as the amount of additional breaks are reported to your Dean so that a determination can be made as to whether the students need a supplemental assignment or tasks to make up class-time.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

If the above accommodations are acceptable to you, please advise and we will take steps to implement them.  If you do not believe some or all of these suggested accommodations are necessary, please advise.  If you have another articulable on-campus accommodation that may be more closely tailored to your concerns, please let us know so that we may discuss.

We look forward to your timely response so that action can be taken prior to the return of our students.

Sincerely,

Monique C. McKinney
Office of Human Resources
Harris-Stowe State University
3026 Laclede Ave
St. Louis, MO 63103
P: (314) 340-3340

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

**EXHIBIT**

tabbies

6

# HARRIS–STOWE
## STATE UNIVERSITY
### *Change* HAPPENS HERE

**OFFICE OF HUMAN RESOURCES**

September 9, 2022

**VIA EMAIL AND FEDERAL EXPRESS**
Kenneth Noe
Redacted-Personal Identifier

Dear Dr. Noe,

We are in receipt of the submission from Psych Care Consultants dated August 30, 2022, which was received by facsimile at 2:16 pm on that date.  This Psych Care Consultants submission follows your initial submission from Mercy Internal Medicine, which is dated August 8, 2022 and was received by facsimile at 11:50 am on that date. The University has compared the differences in the reported impairment and limitations.

The University has communicated to you that in-person instruction and advising of students is an essential function of your job. The University has also demonstrated, on numerous occasions, its intent and commitment to engaging with you to arrive at reasonable accommodations, that meet the needs of the University which are, among other things, to provide our students with in-person instruction and advising. Specifically, on August 18, 2022, the University proposed:

1) Permitting you to require masks of students in your class, as well as during meetings with administrators, faculty and students (for conferences, advising, or otherwise);
2) Permitting you to restrict the front row of your classroom;
3) Limiting the classroom size to 12 to enable social distancing in the classroom; and
4) Permitting you to take an additional 15 minute break during class time if needed to address your health, so long as the amount of additional breaks are reported to your Dean so that a determination can be made as to whether the students need a supplemental assignment or tasks to make up class-time.

Your response to this opening attempt by the University to commence an interactive process was submitted that same day, August 18, 2022, and there you **rejected** each proposed accommodation

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

and instead stated that because your doctor[1] recommended remote work accommodations, that you will hold firm that the only accommodation you will accept is remote work.

The University further communicated with you on August 19, 2022 when it was expressed that:

> "The university has communicated that remote work poses an undue burden and therefore the requested accommodation [of remote work] was not approved…The University remains committed to engaging with you in this regard…Please confirm that you will not engage with the University in crafting reasonable accommodations that will permit you to work in person."

You did not respond to this communication. You have not proposed any reasonable accommodations that would permit you to provide our students with the needed in-person instruction, or meet an essential function of your job which his to provide in-person instruction and student advising.  You have therefore refused to engage in an interactive process in any meaningful manner whatsoever.

The University notes that in addition to your unacceptable actions outlined in this office's August 28, 2022 communication concerning your unilateral cancellation of class and the issues created by these actions, in stark violation of the University's directives to you, you have since directly contacted students and instructed them to visit an on-line platform where you would essentially conduct the classes assigned to you online.  Several students have complained in-person about this to the University.  Some students have opted to remove themselves from the courses assigned to you, and for others, the University is now compelled to craft student-focused solutions.

You were informed last academic year that in-person instruction would be required for all faculty for academic year 2022-2023. You were informed on August 28, 2022 that the University expects you to hold in-person classes, as consistent with both the University and our students' expectations of you.  You have refused to respond in writing with a proposal describing anything the University could do to accommodate you providing in-person instruction and advising.  Your insubordination and refusal to communicate effectively or meaningfully with your Dean, and your actions to essentially convert your assigned in-person classes to online instruction despite the University's communications to you is cause for termination.

Therefore, you are hereby informed that effective immediately, your employment with the University is terminated.  Please return your University access including your badge, keys, documents, and any other University property to the Office of Human Resources no later than 5pm on September 14, 2022.  Please call the undersigned to make arrangements.  If you would prefer to send the University property by courier, please advise and we will send a prepaid box to your home.  As a courtesy, you will be paid your full salary until September 30, 2022.  You will soon receive information in a separate communication regarding COBRA.

---

[1] The paperwork submitted by Mercy Internal Medicine was by created and signed by a nurse.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Regards,

*Monique C. McKinney*

Monique C. McKinney
Office of Human Resources
Harris Stowe-State University
3026 Laclede Avenue
St. Louis, MO 63103
(314)340-3340

cc: Personnel File

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

**EXHIBIT**

**7**

| | |
|---|---|
| **From:** | Noe, Kenneth <NoeK@hssu.edu> |
| **Sent:** | Friday, September 23, 2022 12:30 PM |
| **To:** | Daniel Bryar |
| **Subject:** | Fw: FMLA/ADA interactive process meeting |

Kenneth Noe, PhD
Assistant Professor of Philosophy
Gen Ed Advisory Council Chair
Missouri CCAC Humanities Team
Harris-Stowe State University
Saint Louis, MO
(314) 340-3681
College of Arts and Sciences

---

**From:** Charlyn Shepherd <charlyn.shepherd@mnea.org>
**Sent:** Friday, September 2, 2022 10:20 AM
**To:** Noe, Kenneth <NoeK@hssu.edu>; Davis, Terry Daily <DavisT@hssu.edu>; McKinney, Monique <MckinnMc@hssu.edu>
**Subject:** RE: FMLA/ADA interactive process meeting

[CAUTION: EXTERNAL MESSAGE] This message originated from a non-HSSU account. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email. If you have concerns, contact helpdesk@hssu.edu.
Good Morning,

We are again requesting the interactive process meeting as identified in EEOC.
It is imperative that this meeting occur as to the impact on the students and to Dr. Noe during this waiting period.

It is my understanding that the law requires that the University is required to hold an interactive meeting with the employee and the representative of their choosing **before a decision on the ADA request is made.**

**Please advise when such a meeting will be scheduled.** The purpose is to provide an opportunity to discuss Dr. Noe's need for an accommodation directly, and/or to explore whether or not there are alternative accommodations. Until such Dr. Noe is to be held harmless.

Please feel free to ask any questions. Please provide dates and times of availability for this meeting.

Thank you,
Charlyn Shepherd

**From:** Charlyn Shepherd
**Sent:** Friday, August 26, 2022 3:50 PM
**To:** Noe, Kenneth <NoeK@hssu.edu>; Davis, Terry Daily <DavisT@hssu.edu>; McKinney,Monique

1

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

<MckinnMc@hssu.edu>
**Subject:** FMLA/ADA interactive process meeting

Good Afternoon,

Dr. Noe has resubmitted the required paperwork for his request for ADA Accommodations.
It is my understanding that the law requires that the University is required to hold an interactive meeting with the employee and the representative of their choosing  before a decision on the ADA request is made.

Please advise when such a meeting will be scheduled. The purpose is to provide an opportunity to discuss Dr. Noe's need for an accommodation directly, and/or to explore whether or not there are alternative accommodations. Until such Dr. Noe is to be held harmless.

It is imperative that this meeting occur as to the impact on the students and to Dr. Noe during this waiting period.

Please feel free to ask any questions.

Thank you,
**CHARLYN SHEPHERD, UNISERV DIRECTOR**
**UNIT 4     MISSOURI NEA**
314-584-1306 OFFICE
314-993-2962 FAX

"SOMETHING BETTER FOR STUDENTS AND PUBLIC EDUCATION"

**NOE PETITION EXH 3, Page 39 of 43**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

| | |
|---|---|
| **From:** | Kenneth Noe Redacted-Personal Identifier |
| **Sent:** | Monday, September 19, 2022 1:51 PM |
| **To:** | Loretta K. Haggard |
| **Subject:** | Fwd: paycheck short |

**EXHIBIT**

tabbies

**8**

FYI.

--------- Forwarded message ---------
From: **Kenneth Noe** Redacted-Personal Identifier
Date: Mon, Sep 19, 2022 at 1:49 PM
Subject: Re: paycheck short
To: Finley, Terence <FinleyT@hssu.edu>
Cc: McKinney, Monique <MckinnMc@hssu.edu>, Charlyn Shepherd <charlyn.shepherd@mnea.org>

Dr. Finley,

Thanks for getting back to me. This is more than an inconvenience. If it's all the same, I need the deposit now. I should not have to wait due to the University's error. Please have the deposit made this week. Thank you.

-Dr. Noe

On Mon, Sep 19, 2022 at 1:38 PM Finley, Terence <FinleyT@hssu.edu> wrote:

Dr. Noe, good afternoon. I trust all is well. I was able to sync with HR regarding this matter. You are correct, you are due to be paid thru 9/30/22. I will include the delta from the 9/15 payroll into your 9/30 payroll. Sorry for the inconvenience.

Thx & Rgds,

TFIN

**From:** Finley, Terence
**Sent:** Friday, September 16, 2022 1:45 PM
**To:** Kenneth Noe Redacted-Personal Identifier
**Subject:** RE: paycheck short

Dr. Noe, thanks much for following up with me. I'll sync with HR & payroll on this matter and get back to you in short order.

1

**NOE PETITION EXH 3, Page 40 of 43**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Thx & Rgds,


TFIN


**From:** Kenneth Noe ▮▮▮Redacted-Personal Identifier▮▮▮
**Sent:** Friday, September 16, 2022 12:18 PM
**To:** Finley, Terence <FinleyT@hssu.edu>
**Subject:** Re: paycheck short


[CAUTION: EXTERNAL MESSAGE] This message originated from a non-HSSU account. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email. If you have concerns, contact helpdesk@hssu.edu.

Dr. Finley, I was terminated on 9/9. In any case, I was told by HR I would receive my fully salary until 9/30. Please advise.


On Fri, Sep 16, 2022 at 12:12 PM Finley, Terence <FinleyT@hssu.edu> wrote:

Dr. Noe, thanks for reaching out to me.  I need to dig into the matter for you.  What was your last date of employment at HSSU?  Please advise. If it was prior to the end of the pay period, that may be the cause for the shortage you identified.


Thx & Rgds,


TFIN


**With Hornet Pride,**


**Terence Finley**

Vice President and Chief Financial Officer

Office of Business and Financial Affairs

2

**NOE PETITION EXH 3, Page 41 of 43**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Harris-Stowe State University

P: (314) 340-5770

www.hssu.edu



**HAPPENS HERE**

**From:** Kenneth Noe ~~Redacted-Personal Identifier~~
**Sent:** Wednesday, September 14, 2022 5:15 PM
**To:** Finley, Terence <FinleyT@hssu.edu>
**Subject:** paycheck short

**[CAUTION: EXTERNAL MESSAGE]** This message originated from a non-HSSU account. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email. If you have concerns, contact helpdesk@hssu.edu.

Hi Dr. Finley,

I had just called and left you a message about my paycheck being short about $611. If you could please get back to me asap. I also left a message with HR. Thank you.

-Dr. Noe

--

Kenneth Noe, PhD
Assistant Professor of Philosophy
Harris-Stowe State University
Saint Louis, MO

(314) 340-3681 (office)

**NOE PETITION EXH 3, Page 42 of 43**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Redacted-Personal Identifier (mobile)

College of Arts and Sciences

--

Kenneth Noe, PhD
Assistant Professor of Philosophy
Harris-Stowe State University
Saint Louis, MO

(314) 340-3681 (office)

Redacted-Personal Identifier (mobile)

College of Arts and Sciences

--

Kenneth Noe, PhD
Assistant Professor of Philosophy
Harris-Stowe State University
Saint Louis, MO
(314) 340-3681 (office)
Redacted-Personal Identifier (mobile)
College of Arts and Sciences

--

Kenneth Noe, PhD
Assistant Professor of Philosophy
Harris-Stowe State University
Saint Louis, MO
(314) 340-3681 (office)
Redacted-Personal Identifier (mobile)
College of Arts and Sciences

4

PLAINTIFF'S

2322-CC09642

4

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



One US Bank Plaza
St. Louis, MO 63101

314 552
314 552 7000  fax
thompsoncoburn.com

**Sonette T. Magnus**
314 552 6255  direct
smagnus@thompsoncoburn.com

July 12, 2023

**VIA ELECTRONIC MAIL and U.S. MAIL TO:**
Mr. Jeremy Hollingshead
Hollingshead & Dudley
777 Bonhomme Avenue, Suite 2401
Saint Louis, Missouri 63105
j.hollingshead@hpelaw.com

Re:     **Confidential Settlement Offer – Kenneth Noe**

Dear Jeremy:

I am writing with regards to Dr. Kenneth Noe's charge of discrimination filed against Harris-Stowe State University (the "University").  In the interest of settlement, the University is willing to return Dr. Noe to employment under the same terms and conditions as his previous employment with the University: a tenure-track appointment for the 2023-2024 academic year, with credit for his years of service (i.e. he will not be treated as a new hire).  This offer is contingent on two things.  First, Dr. Noe must execute a mutually agreeable full waiver and release of claims with the University, including a covenant not to sue.  Second, Dr. Noe must come to an agreement with the University prior to the start of classes in August 2023 on reasonable accommodations that would allow him to perform all of the essential functions of his position, including in-person duties such as teaching in-person classes, mentoring and advising students, and actively participating in the life and administration of his department and the University.

Due to the impending start of the academic year, please provide a response to this offer by **no later than July 21, 2023**.

This offer is a confidential offer of settlement and may not be disclosed or used in any proceeding or for any other purpose without the written consent of the University.

Very truly yours,

Thompson Coburn LLP

By
     Sonette T. Magnus
     Partner

STM/cjp

**PLAINTIFF'S EXHIBIT 5**

**2322-CC09642**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# HARRIS-STOWE STATE UNIVERSITY
### OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

## Medical Inquiry Form
## ADA Reasonable Accommodation Request

**Information Pertaining to Medical Documentation:** In the context of assessing an accommodation request, medical documentation is required to determine if the employee has a disability covered by the ADA and to assist in identifying an effective accommodation. It is the responsibility of the employee to ensure this form is completed by the medical provider and returned back to the employer in order to complete the accommodation request.

Medical providers are asked to complete each section and fax back the signed and dated original form using the contact information on the attached document which also includes a description of the employee's job duties.

**Fax Completed Form To The Attention of Romney Edwards at FAX #314.340.3395**

**Employee Name:** _Kenneth Noe_

**A. Questions to help determine whether the employee has a disability.**

**1. Existence of impairment:** For reasonable accommodation under the ADA, the employee has a disability if he or she has an impairment that substantially limits one or more major life activities or a record of such impairment.

**Does the employee have a physical or mental impairment?** ☒YES ☐NO

a. If yes, what is the impairment? _Type II DM / hyperglycemia_

**2. Limitations on major life activities:** Answer the following question based on what limitations the employee has when his or her condition is in an active state and what limitations the employee would have if no mitigating measures were used. Mitigating measures include things such as medication, medical supplies, equipment, hearing aids, mobility devices, assistive technology, auxiliary aids or services, prosthetics, etc. Mitigating measures do not include ordinary eyeglasses or contact lenses.

**Does the impairment substantially limit a major life activity as compared to most people in the general population?** ☒YES ☐NO

a. If yes, what major life activity(s) (including major bodily functions) is/are affected? (Please circle).

| | | | |
|---|---|---|---|
| ☐Bending | ☐Hearing | ☐Reaching | ☐Speaking |
| ☐Breathing | ☒Interacting with Others | ☐Reading | ☐Learning |
| ☐Seeing | ☐Thinking Concentrating | ☐Lifting | ☐Sitting |
| ☐Walking | ☐Eating | ☐Performing Manual Tasks | |
| ☐Sleeping | ☐Working | ☐Standing | ☐Caring for Self |

**NOE PETITION EXH. 5, Page 1 of 4**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# HARRIS-STOWE STATE UNIVERSITY
### OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

Other (Describe):

**b. If yes, what major bodily function(s) is/are affected? (Please circle).**

☐ Bladder   ☐ Digestive   ☐ Lymphatic   ☐ Reproductive

☐ Bowel   ☒ Endocrine   ☐ Musculoskeletal   ☐ Respiratory

☐ Brain   ☐ Genitourinary   ☐ Neurological   ☐ Special Sense Organs

☐ Hemic   ☐ Cardiovascular   ☐ Normal Cell Growth   ☐ Circulatory

☒ Immune   ☐ Operation of an Organ

Other (Describe):

**3. Duration:** Describe the nature, severity and anticipated duration of the impairment.

Temporary (explain): *Should work from home until*

Anticipated duration: *Spring 2022*

Temporary with residual side effects (explain): *due to high risk for possible Covid infection*

Permanent:

Episodic/In Remission (explain):

**B. Questions to help determine whether an accommodation is needed.**

1. What limitation(s) is interfering with job performance or accessing a benefit of employment?
*Diabetes & hyperglycemia can cause disfunction & immune system - high risk for possible Covid infection*

2. What job functions (description attached) or benefits of employment is the employee having trouble performing or accessing because of the limitation(s)? *high risk Pt Needing accomodation of working from home*

3. How does the employee's limitation(s) interfere with his/her ability to perform the job function(s) or access a benefit of employment?
*Can perform job duties but recommend Pt work from home remotely*

**C. Questions to help determine effective accommodation options.**

1. Do you have any suggestions regarding possible accommodations to improve job performance?
☒ YES ☐ NO

   a. If so, what are they? *Allow patient to work from home until spring 2022*

2. How would your suggestions improve the employee's job performance? *Job can still be performed while decreasing risk factor to patient*

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# HARRIS-STOWE
### STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

**D. Other Questions or Comments:**

Health Care Provider Name: _____ Gina Eoloff ~ HAND NP

Health Care Provider Address: _____ 6435 Chippewa St Lous Mo 63109

Health Care Provider Phone Number: _____ 314-366-3000

Health Care Provider Signature: _____ X Gina Hand-Eoloff, DNP

Date: _____ 11-10-21

**Fax Completed Form to the Attention of <u>Romney Edwards</u> at FAX #<u>314.340.3395</u>**

This authorization does not cover, and the information to be disclosed should not contain, genetic information. "Genetic Information" includes; Information about an individual's genetic tests; Information about genetic tests of an individual's family members; Information about the manifestation of a disease or disorder in an individual's family members (family medical history); an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or a family member of the individual; and genetic information of a fetus carried by an individual or by a pregnant woman who is a family member of the individual and the genetic information of any embryo legally held by the individual or family member using an assisted reproductive technology.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# Mercy

**FAX FROM:**
~~Internal medicine~~
Mercy Oncology Hematology Chippewa
6435 Chippewa Street
St. Louis, MO 63109
PHONE: (314) ~~353-1870~~  314-326-3000
FAX: (314) ~~353-0315~~  314-326-3021

DATE: _11-1-21_

TO: _Romney Edwards_

PHONE: _____

FAX: _314-340-3395_

# PAGES (including cover sheet): ____

COMMENTS: _FMLA Dr Kenneth Noe_

*The materials with this facsimile transmission are private and confidential and are the property of the sender. If you are not the intended recipient, be advised that any unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this facsimile in error, please immediately notify me by telephone to arrange for the return of the documents.*

---

**** Transmit Confirmation Report ****

ST.LOUIS CANCER&BREAST Fax:314-353-1505          P.1
Nov 10 2021 02:26pm

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 3143403395 | Normal | 10.02.25pm | 0'59" | 5 | # O K | |

2322-CC09642

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



## HARRIS-STOWE
### STATE UNIVERSITY
#### OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

### Medical Inquiry Form
### ADA Reasonable Accommodation Request

**Information Pertaining to Medical Documentation:** In the context of assessing an accommodation request, medical documentation is required to determine if the employee has a disability covered by the ADA and to assist in identifying an effective accommodation. It is the responsibility of the employee to ensure this form is completed by the medical provider and returned back to the employer in order to complete the accommodation request.

Medical providers are asked to complete each section and fax back the signed and dated original form using the contact information on the attached document which also includes a description of the employee's job duties.

### Fax Completed Form To The Attention of Romney Edwards at FAX #314.340.3395

Employee Name: _Kenneth Noe_

A. Questions to help determine whether the employee has a disability.

**1. Existence of Impairment:** For reasonable accommodation under the ADA, the employee has a disability if he or she has an impairment that substantially limits one or more major life activities or a record of such impairment.

Does the employee have a physical or mental impairment? ☒YES ☐NO

   a. If yes, what is the impairment? _Type II Diabetes / hyperglycemia_

**2. Limitations on major life activities:** Answer the following question based on what limitations the employee has when his or her condition is in an active state and what limitations the employee would have if no mitigating measures were used. Mitigating measures include things such as medication, medical supplies, equipment, hearing aids, mobility devices, assistive technology, auxiliary aids or services, prosthetics, etc. Mitigating measures do not include ordinary eyeglasses or contact lenses.

Does the impairment substantially limit a major life activity as compared to most people in the general population? ☒YES ☐NO

   a. If yes, what major life activity(s) (including major bodily functions) is/are affected? (Please circle).

☐Bending ☐Hearing ☐Reaching ☐Speaking
☐Breathing ☒Interacting with Others ☐Reading ☐Learning
☐Seeing ☐Thinking Concentrating ☐Lifting ☐Sitting
☐Walking ☐Eating ☐Performing Manual Tasks
☐Sleeping ☐Working ☐Standing ☐Caring for Self

PLAINTIFF'S EXHIBIT
6
tabbies

# HARRIS-STOWE STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

Other (Describe):

**b.  If yes, what major bodily function(s) is/are affected? (Please circle).**

☐ Bladder    ☐ Digestive    ☐ Lymphatic    ☐ Reproductive

☐ Bowel    ☒ Endocrine    ☐ Musculoskeletal    ☐ Respiratory

☐ Brain    ☐ Genitourinary    ☐ Neurological    ☐ Special Sense Organs

☐ Hemic    ☐ Cardiovascular    ☐ Normal Cell Growth    ☐ Circulatory

☒ Immune    ☐ Operation of an Organ

Other (Describe):

**3. Duration:** Describe the nature, severity and anticipated duration of the impairment.

Temporary (explain):  *Should work from home through Spring 2023 due*

Anticipated duration:  *to high risk for*

Temporary with residual side effects (explain):  *covid infection*

Permanent:

Episodic/In Remission (explain):

**B. Questions to help determine whether an accommodation is needed.**

1. What limitation(s) is interfering with job performance or accessing a benefit of employment?
*Diabetes & hyperglycemia can cause dysfunction to immune system + is a high risk for possible covid infection*

2. What job functions (description attached) or benefits of employment is the employee having trouble performing or accessing because of the limitation(s)?
*High Risk Needing Accomodation of working from home*

3. How does the employee's limitation(s) interfere with his/her ability to perform the job function(s) or access a benefit of employment?
*Can perform job duties but recommend pt work from home remotely*

**C. Questions to help determine effective accommodation options.**

1. Do you have any suggestions regarding possible accommodations to improve job performance?
☒ YES ☐ NO    *Allow pt to work from home through Spring 2023*
a. If so, what are they?

2. How would your suggestions improve the employee's job performance?
*Job can still be performed while decreasing risk exposure to patient*

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# HARRIS-STOWE STATE UNIVERSITY
## OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

**D. Other Questions or Comments:**

Health Care Provider Name: _Gina Eoloff Hand NP_

Health Care Provider Address: _6435 Chippewa St Louis Mo 63105_

Health Care Provider Phone Number: _314-366-3000_

Health Care Provider Signature: X _Gina Hand-Eoloff DNP_

Date: _8-8-22_

**Fax Completed Form to the Attention of <u>Romney Edwards</u> at FAX #<u>314.340.3395</u>**

This authorization does not cover, and the information to be disclosed should not contain, genetic information. "Genetic Information" includes: information about an individual's genetic tests; information about genetic tests of an individual's family members; information about the manifestation of a disease or disorder in an individual's family member (family medical history); an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or a family member of the individual; and genetic information of a fetus carried by an individual or by a pregnant woman who is a family member of the individual and the genetic information of any embryo legally held by the individual or family member using an assisted reproductive technology.

2322-CC09642



Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



FAX FROM:

Mercy Internal Medicine

6435 Chippewa Street

St. Louis, MO  63109

PHONE:  (314) 366-3000

FAX:  (314) 366-3001

DATE:        8/18/21

TO:          Kenneth Noe

PHONE:       Email —

Redacted-Personal Identifier

FAX:

# PAGES (including cover sheet):  9

COMMENTS:

*The materials with this facsimile transmission are private and confidential and are the property of the sender. If you are not the intended recipient, be advised that any unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this facsimile in error, please immediately notify me by telephone to arrange for the return of the documents.*

**NOE PETITION EXH. 7, Page 1 of 9**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# FAX CONFIRMATION

**Result:** **Success**

**Sent by:**

Name:           Mercy Clinic Internal Med - Chippewa - (314) 366-3001

Voice Number:

Fax Number:

RightFax ID:    CLINIC_208212420

**Sent to:**

Name:           Fax User

Company:

Number/Address: 3143403395

Voice Number:

Remote CSID:    Unknown



**Details:**

| | |
|---|---|
| Type: | Fax |
| Cover Sheet: | has a cover page |
| Body Pages: | 7 |
| Billing Code #1: | |
| Billing Code #2: | |
| Unique ID: | CLI611D33D3A019 |
| Fax Channel: | 65 |
| Scanning Device: | |
| Scanned at: | 08/18/21 17:22:33 |
| Submitted at: | 08/18/21 16:22:42 |
| Completed at: | 08/18/21 16:22:48 |

**NOE PETITION EXH. 7, Page 2 of 9**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



FAX FROM:

Mercy Internal Medicine

6435 Chippewa Street

St. Louis, MO  63109

PHONE:  (314) 366-3000

FAX:  (314) 366-3001

DATE: _____8/18/21_____

TO: _____Harris Stowe_____

_____Attn: Romney Edwards_____

PHONE: _____

FAX: ____314.340.3395____

# PAGES (including cover sheet): __7__

COMMENTS:

_____

_____

_____

_____

_____

*The materials with this facsimile transmission are private and confidential and are the property of the sender. If you are not the intended recipient, be advised that any unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this facsimile in error, please immediately notify me by telephone to arrange for the return of the documents.*

**NOE PETITION EXH. 7, Page 3 of 9**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Aug. 17. 2021   1:41PM                                              No. 4518   P. 1



3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

# Fax

| To: | Dr. Catherine Ash | From: | Romney Edwards |
|---|---|---|---|
| Fax: | 314.366.3001 | Pages: | 4 |
| Phone: | | Date | August 17, 2021 |
| Re: | Kenneth Noe ADA Paperwork | cc: | |

☐ Urgent    ☒ For Review    ☐ Please Comment    ☐ Please Reply    ☒ Please Recycle

Greetings,

Attached you will find the Request for ADA Documentation for Kenneth Noe.

I can be reached at 314.340.3563.

Thank you.

Romney Edwards
Director of Human Resources
Harris-Stowe State University

**NOE PETITION EXH. 7, Page 4 of 9**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Aug. 17. 2021  1:43PM                                                          No. 4513   P. 3



**HARRIS-STOWE**
STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

## AUTHORIZATION FOR USE/DISCLOSURE
## OF HEALTH INFORMATION

<u>Authorization for Use/Disclosure of Information:</u> I voluntarily consent to and authorize my health care provider
Dr. Catherine Ash _____ (insert name) to use or disclose my health information during the
term of this Authorization to the recipient(s) that I have identified below.

<u>Recipient:</u> I authorize my health care information to be released to the following recipient(s):

Name:  Kenneth Noe

Address: [Redacted-Personal Identifier] ████████

<u>Purpose:</u> I authorize the release of my health information for the following specific purpose: ADA Accommodations
for the workplace _____.
(Note: "at the request of the patient" is sufficient if the patient is initiating this Authorization)

<u>Information to be disclosed:</u> I authorize the release of the following health information:

☐    All of my health information that the provider has in his or her possession, including information relating to
any medical history, mental or physical condition and any treatment received by me.

☒    Only the following records or types of health information. Applicable to ADA Accommodations in the
workplace _____.

<u>Term:</u> I understand that this Authorization will remain in effect:
☐    From the date of this Authorization until the _____ day of _____, 20___.
☒    Until the Provider fulfills this request.
☐    Until the following event occurs:_____

<u>Redisclosure:</u> I understand that my health care provider cannot guarantee that the recipient will not redisclose my
health information to a third party. The third party may not be required to abide by this Authorization or applicable
federal and state law governing the use and disclosure of my health information.

<u>Refusal to sign/right to revoke:</u> I understand that signing this form is voluntary and that if I don't sign, it will not
affect the commencement, continuation or quality of my treatment at Harris-Stowe State University. If I change my
mind, I understand that I can revoke this authorization by providing a written notice of revocation to the Office of
Human Resources at the email address listed below. The revocation will be effective immediately upon my health care
provider's receipt of my written notice, except that the revocation will not have any effect on any action taken by my
health care provider in reliance on this Authorization before it received my written notice of revocation.

<u>Questions:</u> If you have any additional questions please feel free to contact our Human Resources Department at (314)
340-3340; Romney Edwards EdwardRo@hssu.edu.

_____          8/16/2021
Employee Signature                  Date                    Signature of Witness

If Individual is unable to sign this Authorization, please complete the information below:

_____      _____  _____  _____
Name of Guardian/                Legal Relationship      Date      Witness
Representative

**NOE PETITION EXH. 7, Page 5 of 9**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Aug. 17, 2021  1:42°M                                              No. 4518   P. 5



**HARRIS-STOWE**
STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

### Medical Inquiry Form
### ADA Reasonable Accommodation Request

**Information Pertaining to Medical Documentation:** In the context of assessing an accommodation request, medical documentation is required to determine if the employee has a disability covered by the ADA and to assist in identifying an effective accommodation. It is the responsibility of the employee to ensure this form is completed by the medical provider and returned back to the employer in order to complete the accommodation request.

Medical providers are asked to complete each section and fax back the signed and dated original form using the contact information on the attached document which also includes a description of the employee's job duties.

<u>Fax Completed Form To The Attention of Romney Edwards at FAX #314.340.3395</u>

**Employee Name:**    Kenneth Noe

**A. Questions to help determine whether the employee has a disability.**

**1. Existence of impairment:** For reasonable accommodation under the ADA, the employee has a disability if he or she has an impairment that substantially limits one or more major life activities or a record of such impairment.

Does the employee have a physical or mental impairment? ☒YES ☐NO

    a. If yes, what is the impairment?   Type II DM w/ hyperglycemia

**2. Limitations on major life activities:** Answer the following question based on what limitations the employee has when his or her condition is in an active state and what limitations the employee would have if no mitigating measures were used. Mitigating measures include things such as medication, medical supplies, equipment, hearing aids, mobility devices, assistive technology, auxiliary aids or services, prosthetics, etc. Mitigating measures do not include ordinary eyeglasses or contact lenses.

Does the impairment substantially limit a major life activity as compared to most people in the general population? ☒YES ☐NO

    a. If yes, what major life activity(s) (including major bodily functions) is/are affected? (Please circle).

☐Bending     ☐Hearing     ☐Reaching     ☐Speaking

☐Breathing     ☒Interacting with Others     ☐Reading     ☐Learning

☐Seeing     ☐Thinking Concentrating     ☐Lifting     ☐Sitting

☐Walking     ☐Eating     ☐Performing Manual Tasks

☐Sleeping     ☐Working     ☐Standing     ☐Caring for Self

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Aug. 17. 2021  1:49PM                                                    No. 4518   P. 6

# HARRIS-STOWE
## STATE UNIVERSITY
### OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

Other (Describe):

**b.  If yes, what major bodily function(s) is/are affected? (Please circle).**

☐ Bladder      ☐ Digestive       ☐ Lymphatic          ☐ Reproductive

☐ Bowel        ☒ Endocrine       ☐ Musculoskeletal    ☐ Respiratory

☐ Brain        ☐ Genitourinary   ☐ Neurological       ☐ Special Sense Organs

☐ Hemic        ☐ Cardiovascular  ☐ Normal Cell Growth ☐ Circulatory

☒ Immune       ☐ Operation of an Organ

Other (Describe):

<u>3. Duration:</u> Describe the nature, severity and anticipated duration of the impairment.

Temporary (explain): *Should work from home until further notice*

Anticipated duration: *due to high risk of Covid infection*

Temporary with residual side effects (explain):

Permanent:

Episodic/In Remission (explain):

**B. Questions to help determine whether an accommodation is needed.**

1. What limitation(s) is interfering with job performance or accessing a benefit of employment?
*Diabetes w/hyperglycemia can cause dysfunction to immune system - High risk for possible COVID infection*

2. What job functions (description attached) or benefits of employment is the employee having trouble performing or accessing because of the limitation(s)? *High risk pt needing accommodation of working from home*

3. How does the employee's limitation(s) interfere with his/her ability to perform the job function(s) or access a benefit of employment? *Can perform job duties but recommended pt works from home remotely*

**C. Questions to help determine effective accommodation options.**

1. Do you have any suggestions regarding possible accommodations to improve job performance?
☒ YES ☐ NO

a. If so, what are they? *Allow patient to work from home remotely*

2. How would your suggestions improve the employee's job performance? *Job can still be performed while decreasing risk factor to patient*

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Aug. 17. 2021   1:43PM                                                No. 4518   P. 7

# HARRIS-STOWE
## STATE UNIVERSITY
### OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

**D. Other Questions or Comments:**

Health Care Provider Name:  Gina Hand-Eoloff, APRN

Health Care Provider Address:  6435 Chippewa St  St Louis MO 63109

Health Care Provider Phone Number:  314-366-3000

Health Care Provider Signature:  / Gina Hand-Eoloff DNP

Date:  8/18/2021

Fax Completed Form to the Attention of <u>Romney Edwards</u> at FAX #<u>**314.340.3395**</u>

This authorization does not cover, and the information to be disclosed should not contain, genetic information. "Genetic Information" includes: Information about an individual's genetic tests; information about genetic tests of an individual's family members; information about the manifestation of a disease or disorder in an individual's family members (family medical history); an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or a family member of the individual; and genetic information of a fetus carried by an individual or by a pregnant woman who is a family member of the individual and the genetic information of any embryo legally held by the individual or family member using an assisted reproductive technology.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



MERCY CLINIC INTERNAL MEDICINE -
CHIPPEWA
6435 CHIPPEWA STREET
SAINT LOUIS MO 63109-2104
Dept Phone: 314-366-3000
Dept Fax: 314-366-3001

8/18/2021

To Whom it May concern:

   Kenneth E Noe has medical conditions that would put him at increased risk of Covid infection. It is recommended that he performs his job duties remotely and work from home. FMLA forms have been completed to show this accommodation request. Please feel free to contact the office if there are any additional questions or problems. Thank you for your time in this matter.

Gina Hand - Eoloff DNP
Gina Hand-Eoloff, APRN

1

**NOE PETITION EXH. 7, Page 9 of 9**

2322-CC09642

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



**HARRIS-STOWE**
STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

### Medical Inquiry Form
### ADA Reasonable Accommodation Request

**Information Pertaining to Medical Documentation:** In the context of assessing an accommodation request, medical documentation is required to determine if the employee has a disability covered by the ADA and to assist in identifying an effective accommodation. It is the responsibility of the employee to ensure this form is completed by the medical provider and returned back to the employer in order to complete the accommodation request.

Medical providers are asked to complete each section and fax back the signed and dated original form using the contact information on the attached document which also includes a description of the employee's job duties.

**Fax Completed Form To The Attention of Romney Edwards at FAX #314.340.3395**

**Employee Name:** KENNETH NOE

**A. Questions to help determine whether the employee has a disability.**

**1. Existence of impairment:** For reasonable accommodation under the ADA, the employee has a disability if he or she has an impairment that substantially limits one or more major life activities or a record of such impairment.

**Does the employee have a physical or mental impairment?** ☒YES ☐NO

**a. If yes, what is the impairment?** Major depressive disorder, recurrent, severe, without psychosis; Panic disorder; Agoraphobia

**2. Limitations on major life activities:** Answer the following question based on what limitations the employee has when his or her condition is in an active state and what limitations the employee would have if no mitigating measures were used. Mitigating measures include things such as medication, medical supplies, equipment, hearing aids, mobility devices, assistive technology, auxiliary aids or services, prosthetics, etc. Mitigating measures do not include ordinary eyeglasses or contact lenses.

**Does the impairment substantially limit a major life activity as compared to most people in the general population?** ☒YES ☐NO

**a. If yes, what major life activity(s) (including major bodily functions) is/are affected? (Please circle).**

| | | | |
|---|---|---|---|
| ☐Bending | ☐Hearing | ☐Reaching | ☐Speaking |
| ☐Breathing | ☒Interacting with Others | ☐Reading | ☐Learning |
| ☐Seeing | ☒Thinking Concentrating | ☐Lifting | ☐Sitting |
| ☐Walking | ☐Eating | ☐Performing Manual Tasks | |
| ☒Sleeping | ☒Working | ☐Standing | ☒Caring for Self |

**PLAINTIFF'S EXHIBIT**

**8**

**NOE PETITION EXH. 8, Page 1 of 4**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



**HARRIS-STOWE**
STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

Other (Describe): Driving.

**b.  If yes, what major bodily function(s) is/are affected? (Please circle).**

☐Bladder      ☐Digestive      ☐Lymphatic      ☐Reproductive

☐Bowel        ☐Endocrine      ☐Musculoskeletal ☐Respiratory

☐Brain        ☐Genitourinary  ☐Neurological   ☐Special Sense Organs

☐Hemic        ☐Cardiovascular ☐Normal Cell Growth ☐Circulatory

☐Immune       ☐Operation of an Organ

Other (Describe):

**3. Duration:** Describe the nature, severity and anticipated duration of the impairment.

Temporary (explain):

Anticipated duration:  6-12 months

Temporary with residual side effects (explain):  Can have ongoing anxiety with periodic flare ups

Permanent:

Episodic/In Remission (explain): Has ongoing anxiety and depression with periodic exacerbations

**B. Questions to help determine whether an accommodation is needed.**

1. What limitation(s) is interfering with job performance or accessing a benefit of employment?
Anxiety and fear of leaving house, intense anxiety among crowds, recurrent panic attacks, anxiety related
driving and being around other people being unsafe or unhealthy; severe depression

2. What job functions (description attached) or benefits of employment is the employee having
trouble performing or accessing because of the limitation(s)?

Being in a class or teaching class in-person due to fear of being around crowds of people and getting sick

3. How does the employee's limitation(s) interfere with his/her ability to perform the job
function(s) or access a benefit of employment?

Patient can have severe difficulty and has had to call off work due to being unable to drive comfortably, get
to work and due to severe anxiety of being in a class with other people.

**C. Questions to help determine effective accommodation options.**

1. Do you have any suggestions regarding possible accommodations to improve job performance?
☒YES ☐NO

a. If so, what are they?  Patient may be able to maintain his work on a virtual or remote basis

2. How would your suggestions improve the employee's job performance? Being in a safe/familiar
environment at home

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



# HARRIS-STOWE
## STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

**D. Other Questions or Comments:**

Health Care Provider Name:     SAIF-UR-RAHMAN PARACHA, MD

Health Care Provider Address:     5000 CEDAR PLAZA PARKWAY, SUITE 350, ST. LOUIS MO 63128

Health Care Provider Phone Number:     314-843-4333

Health Care Provider Signature:

Date:     8/30/2022

**Fax Completed Form to the Attention of <u>Romney Edwards</u> at FAX #314.340.3395**

---

This authorization does not cover, and the information to be disclosed should not contain, genetic information. "Genetic Information" includes: Information about an individual's genetic tests; information about genetic tests of an individual's family members; information about the manifestation of a disease or disorder in an individual's family members (family medical history); an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or a family member of the individual; and genetic information of a fetus carried by an individual or by a pregnant woman who is a family member of the individual and the genetic information of any embryo legally held by the individual or family member using an assisted reproductive technology.

**NOE PETITION EXH. 8, Page 3 of 4**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# PCC PSYCH CARE CONSULTANTS

## WORK/SCHOOL EXCUSE

**Clayton**
1201 Bellevue Avenue
St. Louis, MO 63117
Ph: 314-647-4488
Fax: 314-647-6305

Date: ___8/30/22___

Please excuse _Kenneth Noe_____ from

☒ School
☑ Work

**Hazelwood**
737 Dunn Road
Hazelwood, MO 63042
Ph: 314-569-1717
Fax: 314-569-0441

For the following date(s):

_8/15/22 through 8/30/22_

**St. Peters**
4905 Mexico Road
Suite 300
St. Peters, MO 63376
Ph: 636-928-5109
Fax: 636-441-1081

May return on:

_8/31/22_____

Please contact my office at 314-569-1717 if you require additional information.

**South County**
5000 Cedar Plaza Parkway
Suite 350
St. Louis, MO 63128
Tel: (314) 843-4333
Fax: (314) 843-4856

Sincerely,

_[signature]_

CC: Patient's File

**West County**
763 S. New Ballas Road
Suite 110
St. Louis, MO 63141
Ph: 314-569-1717
Fax: 314-569-0441



PLAINTIFF'S
EXHIBIT
9

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# HARRIS–STOWE
## STATE UNIVERSITY
*Change* HAPPENS HERE

**OFFICE OR HUMAN RESOURCES**

August 18, 2022

Dr. Kenneth Noe

Redacted-Personal Identifier

Dear Dr. Kenneth Noe,

I am writing with regards to your recent request for a continued remote-work accommodation.

As you were made aware in the communication from this office on January 24, 2022 responding to your penultimate ADA Accommodation request, "[a]fter careful review, we have determined that we will grant the accommodation of remote work through 5/14/2022. **However, we are unable to continue to provide you with a reasonable accommodation of remote work after 5/14/22. This is due to the need of having Faculty on site to fulfil required student facing interactions and your past failure to participate in meetings and events (including virtual events) where attendance is required [of] faculty (emphasis added)."** This office in consultation with the administration now informs you that the requested accommodation submitted on August 8, 2022 to work remotely through Spring 2023 is denied.

The University (and the world) have been compelled to manage a difficult past two years with the COVID-19 pandemic, shifting student needs and demands, and critical assessments of the University's needs. The University's students, including some of your past students, have suffered gravely on account of the remote environment and thus it is in the best interest of the student body as a whole, and commensurate with the University's needs, that all faculty instruct in person and be present to hold in-person office hours, perform their respective faculty advising duties in person, fulfil other administrative functions including those provided for in the CBA in person, and be accessible to administrators. All faculty are expected to serve our students in an interactive manner which requires day-to-day coordination with the students, as well as with administrators, to ensure the University is optimally serving our students. Your presence on campus is an essential function of your role as a member of faculty, and the University has determined that continued remote work would create an undue hardship for the University.

However, the University is committed to engaging with you to arrive at accommodations that meet the needs of the University and address the concerns raised by your request. Specifically, the University proposes the following accommodations:

1) Permitting you to require masks of students in your class, as well as during meetings with administrators, faculty and students (for conferences, advising, or otherwise);
2) Permitting you to restrict the front row of your classroom;
3) Limiting the classroom size to 12 to enable social distancing in the classroom; and
4) Permitting you to take an additional 15 minute break during class time if needed to address your health, so long as the amount of additional breaks are reported to your Dean so that a determination can be made as to whether the students need a supplemental assignment or tasks to make up class-time.

**NOE PETITION EXH. 9, Page 1 of 2**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

If the above accommodations are acceptable to you, please advise and we will take steps to implement them.  If you do not believe some or all of these suggested accommodations are necessary, please advise.  If you have another articulable on-campus accommodation that may be more closely tailored to your concerns, please let us know so that we may discuss.

We look forward to your timely response so that action can be taken prior to the return of our students.

Sincerely,

Monique C. McKinney
Office of Human Resources
Harris-Stowe State University
3026 Laclede Ave
St. Louis, MO 63103
P: (314) 340-3340

**NOE PETITION EXH. 9, Page 2 of 2**

**2322-CC09642**

**EXHIBIT 10**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# HARRIS–STOWE
## STATE UNIVERSITY
### *Change* HAPPENS HERE

**OFFICE OF HUMAN RESOURCES**

September 9, 2022

**VIA EMAIL AND FEDERAL EXPRESS**
Kenneth Noe
Redacted-Personal Identifier

Dear Dr. Noe,

We are in receipt of the submission from Psych Care Consultants dated August 30, 2022, which was received by facsimile at 2:16 pm on that date. This Psych Care Consultants submission follows your initial submission from Mercy Internal Medicine, which is dated August 8, 2022 and was received by facsimile at 11:50 am on that date. The University has compared the differences in the reported impairment and limitations.

The University has communicated to you that in-person instruction and advising of students is an essential function of your job. The University has also demonstrated, on numerous occasions, its intent and commitment to engaging with you to arrive at reasonable accommodations, that meet the needs of the University which are, among other things, to provide our students with in-person instruction and advising. Specifically, on August 18, 2022, the University proposed:

1) Permitting you to require masks of students in your class, as well as during meetings with administrators, faculty and students (for conferences, advising, or otherwise);
2) Permitting you to restrict the front row of your classroom;
3) Limiting the classroom size to 12 to enable social distancing in the classroom; and
4) Permitting you to take an additional 15 minute break during class time if needed to address your health, so long as the amount of additional breaks are reported to your Dean so that a determination can be made as to whether the students need a supplemental assignment or tasks to make up class-time.

Your response to this opening attempt by the University to commence an interactive process was submitted that same day, August 18, 2022, and there you **rejected** each proposed accommodation

**NOE PETITION EXH. 10, Page 1 of 3**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

and instead stated that because your doctor[1] recommended remote work accommodations, that you will hold firm that the only accommodation you will accept is remote work.

The University further communicated with you on August 19, 2022 when it was expressed that:

> "The university has communicated that remote work poses an undue burden and therefore the requested accommodation [of remote work] was not approved…The University remains committed to engaging with you in this regard…Please confirm that you will not engage with the University in crafting reasonable accommodations that will permit you to work in person."

You did not respond to this communication. You have not proposed any reasonable accommodations that would permit you to provide our students with the needed in-person instruction, or meet an essential function of your job which his to provide in-person instruction and student advising.  You have therefore refused to engage in an interactive process in any meaningful manner whatsoever.

The University notes that in addition to your unacceptable actions outlined in this office's August 28, 2022 communication concerning your unilateral cancellation of class and the issues created by these actions, in stark violation of the University's directives to you, you have since directly contacted students and instructed them to visit an on-line platform where you would essentially conduct the classes assigned to you online.  Several students have complained in-person about this to the University.  Some students have opted to remove themselves from the courses assigned to you, and for others, the University is now compelled to craft student-focused solutions.

You were informed last academic year that in-person instruction would be required for all faculty for academic year 2022-2023. You were informed on August 28, 2022 that the University expects you to hold in-person classes, as consistent with both the University and our students' expectations of you.  You have refused to respond in writing with a proposal describing anything the University could do to accommodate you providing in-person instruction and advising.  Your insubordination and refusal to communicate effectively or meaningfully with your Dean, and your actions to essentially convert your assigned in-person classes to online instruction despite the University's communications to you is cause for termination.

Therefore, you are hereby informed that effective immediately, your employment with the University is terminated.  Please return your University access including your badge, keys, documents, and any other University property to the Office of Human Resources no later than 5pm on September 14, 2022.  Please call the undersigned to make arrangements.  If you would prefer to send the University property by courier, please advise and we will send a prepaid box to your home.  As a courtesy, you will be paid your full salary until September 30, 2022.  You will soon receive information in a separate communication regarding COBRA.

---

[1] The paperwork submitted by Mercy Internal Medicine was by created and signed by a nurse.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Regards,

*Monique C. McKinney*

Monique C. McKinney
Office of Human Resources
Harris Stowe-State University
3026 Laclede Avenue
St. Louis, MO 63103
(314)340-3340

cc: Personnel File

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

EXHIBIT

11

| From: | Noe, Kenneth <NoeK@hssu.edu> |
|---|---|
| Sent: | Friday, September 23, 2022 12:30 PM |
| To: | Daniel Bryar |
| Subject: | Fw: FMLA/ADA interactive process meeting |

Kenneth Noe, PhD
Assistant Professor of Philosophy
Gen Ed Advisory Council Chair
Missouri CCAC Humanities Team
Harris-Stowe State University
Saint Louis, MO
(314) 340-3681
College of Arts and Sciences

**From:** Charlyn Shepherd <charlyn.shepherd@mnea.org>
**Sent:** Friday, September 2, 2022 10:20 AM
**To:** Noe, Kenneth <NoeK@hssu.edu>; Davis, Terry Daily <DavisT@hssu.edu>; McKinney, Monique
<MckinnMc@hssu.edu>
**Subject:** RE: FMLA/ADA interactive process meeting

[CAUTION: EXTERNAL MESSAGE] This message originated from a non-HSSU account. Please use proper judgment and caution when
opening attachments, clicking links, or responding to this email. If you have concerns, contact helpdesk@hssu.edu.
Good Morning,

We are again requesting the interactive process meeting as identified in EEOC.
It is imperative that this meeting occur as to the impact on the students and to Dr. Noe during this waiting period.

It is my understanding that the law requires that the University is required to hold an interactive meeting with the
employee and the representative of their choosing **before a decision on the ADA request is made.**

**Please advise when such a meeting will be scheduled.** The purpose is to provide an opportunity to discuss Dr. Noe's
need for an accommodation directly, and/or to explore whether or not there are alternative accommodations.
Until such Dr. Noe is to be held harmless.

Please feel free to ask any questions. Please provide dates and times of availability for this meeting.

Thank you,
Charlyn Shepherd

**From:** Charlyn Shepherd
**Sent:** Friday, August 26, 2022 3:50 PM
**To:** Noe, Kenneth <NoeK@hssu.edu>; Davis, Terry Daily <DavisT@hssu.edu>; McKinney,Monique

1

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

<MckinnMc@hssu.edu>
**Subject:** FMLA/ADA interactive process meeting

Good Afternoon,

Dr. Noe has resubmitted the required paperwork for his request for ADA Accommodations.
It is my understanding that the law requires that the University is required to hold an interactive meeting with the employee and the representative of their choosing  before a decision on the ADA request is made.

Please advise when such a meeting will be scheduled. The purpose is to provide an opportunity to discuss Dr. Noe's need for an accommodation directly, and/or to explore whether or not there are alternative accommodations. Until such Dr. Noe is to be held harmless.

It is imperative that this meeting occur as to the impact on the students and to Dr. Noe during this waiting period.

Please feel free to ask any questions.

Thank you,
**CHARLYN SHEPHERD, UNISERV DIRECTOR**
**UNIT 4    MISSOURI NEA**
314-584-1306 OFFICE
314-993-2962 FAX

"SOMETHING BETTER FOR STUDENTS AND PUBLIC EDUCATION"

**NOE PETITION EXH. 11, Page 2 of 2**

**2322-CC09642**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

| | |
|---|---|
| **From:** | Kenneth Noe <Redacted-Personal Identifier |
| **Sent:** | Monday, September 19, 2022 1:51 PM |
| **To:** | Loretta K. Haggard |
| **Subject:** | Fwd: paycheck short |



PLAINTIFF'S EXHIBIT

**12**

FYI.

--------- Forwarded message ---------
From: **Kenneth Noe** <Redacted-Personal Identifier
Date: Mon, Sep 19, 2022 at 1:49 PM
Subject: Re: paycheck short
To: Finley, Terence <FinleyT@hssu.edu>
Cc: McKinney, Monique <MckinnMc@hssu.edu>, Charlyn Shepherd <charlyn.shepherd@mnea.org>

Dr. Finley,

Thanks for getting back to me. This is more than an inconvenience. If it's all the same, I need the deposit now. I should not have to wait due to the University's error. Please have the deposit made this week. Thank you.

-Dr. Noe

On Mon, Sep 19, 2022 at 1:38 PM Finley, Terence <FinleyT@hssu.edu> wrote:

Dr. Noe, good afternoon. I trust all is well. I was able to sync with HR regarding this matter. You are correct, you are due to be paid thru 9/30/22. I will include the delta from the 9/15 payroll into your 9/30 payroll. Sorry for the inconvenience.

Thx & Rgds,

TFIN

**From:** Finley, Terence
**Sent:** Friday, September 16, 2022 1:45 PM
**To:** Kenneth Noe <Redacted-Personal Identifier
**Subject:** RE: paycheck short

Dr. Noe, thanks much for following up with me. I'll sync with HR & payroll on this matter and get back to you in short order.

1

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Thx & Rgds,


TFIN


**From:** Kenneth Noe < Redacted-Personal Identifier
**Sent:** Friday, September 16, 2022 12:18 PM
**To:** Finley, Terence <FinleyT@hssu.edu>
**Subject:** Re: paycheck short


[CAUTION: EXTERNAL MESSAGE] This message originated from a non-HSSU account. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email. If you have concerns, contact helpdesk@hssu.edu.

Dr. Finley, I was terminated on 9/9. In any case, I was told by HR I would receive my fully salary until 9/30. Please advise.


On Fri, Sep 16, 2022 at 12:12 PM Finley, Terence <FinleyT@hssu.edu> wrote:

Dr. Noe, thanks for reaching out to me.  I need to dig into the matter for you.  What was your last date of employment at HSSU? Please advise. If it was prior to the end of the pay period, that may be the cause for the shortage you identified.


Thx & Rgds,


TFIN


**With Hornet Pride,**


**Terence Finley**

Vice President and Chief Financial Officer

Office of Business and Financial Affairs

2

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Harris-Stowe State University

P: (314) 340-5770

www.hssu.edu



**HAPPENS HERE**

**From:** Kenneth Noe < Redacted-Personal Identifier >
**Sent:** Wednesday, September 14, 2022 5:15 PM
**To:** Finley, Terence <FinleyT@hssu.edu>
**Subject:** paycheck short

[CAUTION: EXTERNAL MESSAGE] This message originated from a non-HSSU account. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email. If you have concerns, contact helpdesk@hssu.edu.

Hi Dr. Finley,

I had just called and left you a message about my paycheck being short about $611. If you could please get back to me asap. I also left a message with HR. Thank you.

-Dr. Noe

--

Kenneth Noe, PhD
Assistant Professor of Philosophy
Harris-Stowe State University
Saint Louis, MO

(314) 340-3681 (office)

3

**NOE PETITION EXH. 12, Page 3 of 4**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Redacted-Personal Identifier (mobile)

<u>College of Arts and Sciences</u>

--

Kenneth Noe, PhD
Assistant Professor of Philosophy
Harris-Stowe State University
Saint Louis, MO

(314) 340-3681 (office)

Redacted-Personal Identifier (mobile)

<u>College of Arts and Sciences</u>

--

Kenneth Noe, PhD
Assistant Professor of Philosophy
Harris-Stowe State University
Saint Louis, MO
(314) 340-3681 (office)
Redacted-Personal Identifier (mobile)
<u>College of Arts and Sciences</u>

--

Kenneth Noe, PhD
Assistant Professor of Philosophy
Harris-Stowe State University
Saint Louis, MO
(314) 340-3681 (office)
Redacted-Personal Identifier (mobile)
<u>College of Arts and Sciences</u>

**NOE PETITION EXH. 12, Page 4 of 4**

2322-CC09642

EXHIBIT
13

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# HARRIS-STOWE
## STATE UNIVERSITY

JULY 1, 2019 – JUNE 30, 2022

COLLECTIVE BARGAINING AGREEMENT

BETWEEN

HARRIS-STOWE STATE UNIVERSITY

AND

NATIONAL EDUCATION ASSOCIATION

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

## TABLE OF CONTENTS

Page

ARTICLE I - RECOGNITION AND DURATION OF THE AGREEMENT ....................2

ARTICLE II - ASSOCIATION RIGHTS ...........................................................2

ARTICLE III - NEGOTIATION PROCEDURES ...............................................4

ARTICLE IV - NONDISCRIMINATION ..........................................................5

ARTICLE V - PERSONNEL FILES ..............................................................5

ARTICLE VI - ACADEMIC FREEDOM ..........................................................6

ARTICLE VII - PROFESSIONAL DEVELOPMENT ..........................................7

ARTICLE VIII - FULL TIME FACULTY DUTIES AND RESPONSIBILITIES ...........8

ARTICLE IX - DEDICATION TO UNIVERSITY EMPLOYMENT ........................11

ARTICLE X - BENEFITS ...........................................................................11

ARTICLE XI - EVALUATION ......................................................................12

ARTICLE XII - LEAVES ...........................................................................12

ARTICLE XIII - EMPLOYEE DISCIPLINE ...................................................15

ARTICLE XIV - GRIEVANCE PROCEDURE ................................................16

ARTICLE XV - GENERAL PROVISIONS .....................................................18

ARTICLE XVI - COMPENSATION ..............................................................19

ARTICLE XVII - TENURE AND PROMOTION ..............................................20

ARTICLE XVIII - REDUCTION IN FORCE ...................................................20

APPROVAL ...........................................................................................25

APPENDIX A ..........................................................................................26

APPENDIX B ..........................................................................................27

i

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

## ARTICLE I - RECOGNITION AND DURATION OF THE AGREEMENT

1.1 - The Board of Regents of Harris Stowe State University (hereinafter referred to as "the Board" or the "University") hereby recognizes the HSSU-National Education Association (hereinafter the "Association") as the exclusive bargaining representative for all members of the bargaining unit comprised of full time faculty; excluding Deans and Assistant Deans, and other supervisory personnel who supervise full-time faculty, of Harris-Stowe State University for purposes of negotiating and implementing the terms and conditions of employment. "Full time faculty" shall be defined to include those who teach a minimum of 12 credit hours per semester. Any faculty member who secures release time will be credited time towards this 12-credit hour requirement.

1.2 - This Agreement shall be effective as of July 1, 2018 and shall continue in full force and effect through June 30, 2021. Until a Successor Agreement is negotiated in spring-2021, all provisions of the Current Agreement shall remain in effect subject to applicable law.

1.3 - Definitions

Definitions as used in this Agreement, and referred to hereinafter:

> "Board" means the Board of Regents of Harris Stowe State University.

> "University'' means Harris Stowe State University.

> "Association" means HSSU-National Education Association (HSSU-NEA).

> "Days" means Faculty calendar work days

> "Bargaining Unit" "Employee", "Faculty Member" and/or "Faculty'' means all Full-Time Faculty.

> "Department" means the lowest level academic subdivision to which a faculty member is appointed. A bargaining unit Faculty member's department could be a college or department within a college. If a bargaining unit faculty member performs work for more than one department, for the purposes of this Agreement, his/her department is the one to which the faculty member is officially appointed.

## ARTICLE II - ASSOCIATION RIGHTS

2.1 - Association Use of University Facilities and Equipment

> a. The Association shall be permitted to hold meetings and conduct association business on University property (excepting student residential facilities), to have access to University equipment for such purposes outside of the work day, and to create and maintain one web-site within the University's content management system, pursuant to policies and procedures regarding the use of University facilities and equipment.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

b.   The University shall provide its faculty with an office in which to conduct business. This office shall be open to all faculty organizations, including, but not limited to, the Faculty Senate and the Association.

c.   The Association shall be permitted to use mailboxes, bulletin boards, the Association's campus web site (with up to 50 mg of storage), and other communication systems. For communicating with bargaining unit members pursuant to Board Policy regarding access to such systems. In utilizing such systems, the Association acknowledges that its members are required to wholly manage the Association's communication outlets and may not use University employee time for these activities. All communication efforts must comply with the University's Acceptable Use Policy, and Association members have no reasonable expectation of privacy when using the University's .equipment to communicate. The University reserves the right to remove access to any and all communication outlets for reasons of security and or policy violations. Additionally, the Association shall post the following disclaimer on its University hosted website: "The views expressed on this page are solely those of the HSSUNEA."

2.2 - Association Leave

Upon two (2) days advance written notice to the Provost, the Association president or his/her designee may be allowed a maximum of six (6) days per fiscal year to conduct Association business. The Association shall obtain coverage for any missed class time, and will cover any costs associated therewith.

2.3 - Association Business

a.   Authorized representatives of the Association shall be permitted to transact official HSSU-NEA business on University property at all reasonable times as long as official business of the University is not disrupted and the space is officially booked.

b.   Authorized representatives of the Association shall be permitted to transact official HSSU-NEA business in the designated office for faculty organizations at all reasonable times and in cooperation with other faculty organizations as long as official business of the University is not disrupted.

2.4 - Association Involvement

The HSSU-NEA President must appoint at least one (1) Association member to serve on each of the University's standing committees, as identified in the Faculty Personnel Policies so that Each faculty member serves on at least one (1) of those committees. Additionally, the HSSU-NEA President may appoint one Association member to search committees for full-time faculty positions.

2.5 - Association Access to Information

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

a.    By August 1 of each year of this Agreement, the University will provide the Association President and his or her designee with a list of the names, campus addresses, campus telephone number and campus email addresses of all full-time faculty. The same information will be provided· in regard to full-time faculty members hired during the contract year, within thirty (30) days of said member's hire date.

b.    Upon reasonable request, and within three (3) to Five (5) business days the University shall provide the Association President and his or her designee with the salary, benefits, and schedules of its Bargaining unit members for purposes of bargaining, grievance processing and interpretation and implementation of this Agreement.

## ARTICLE III - NEGOTIATION PROCEDURES

3.1 - In order to serve the best interests of the University, the parties agree to institute negotiations characterized by mutual respect and consideration. To this end the parties agree to meet at reasonable times and negotiate in good faith with respect to salaries, hours, other terms and conditions of employment, other matters of mutual concern, and to execute a written agreement incorporating all tentative agreements reached between the parties.

3.2 - Tentative agreements shall be reduced to writing, compiled into a Master Agreement and submitted to the Association and the Board for ratification/approval.

3.3 - On or before February 1 of the last year of this Agreement, the Parties shall agree on a date to commence bargaining a successor Agreement. If, prior to May 15 of the expiration year, both parties agree they are at impasse on all outstanding issues, they shall jointly request a mediator through Federal Mediation and Conciliation Services (FMCS). On or about May 15 of the expiration year, if no agreement has been reached on all issues subject to negotiations, an impasse may be declared by either party by serving written notice of said impasse to the other party, and the declaring party shall notify FMCS of its desire to continue negotiations with the assistance of and under the auspices of a Feder.al Mediator. If a mediator is utilized at any time, each party shall be responsible for providing a list of unresolved issues in conjunction with their request for Federal Mediation Services' assistance.

3.4 - If an impasse is declared, the parties will immediately notify the Board of Regents and the bargaining unit. The parties will meet in person to present and discuss their respective proposals and positions at an open session of the Board of Regents, to which the bargaining unit will receive an invitation to attend. The update shall be presented by the representative teams of the Board and the Association for the purpose of informing the Board and the bargaining unit of their respective positions on unresolved issues prior to the beginning of the mediation process.

3.5 - Once FMCS has been notified of the desire for mediation services, the parties agree to meet on at least two occasions (assuming all outstanding issues are not resolved at the first occasion) with the mediator to resolve their outstanding issues. At the conclusion of the mediation session(s), all Tentative Agreements and outstanding issues shall be submitted to the Board for final approval by the June scheduled Board of Regents meeting of the final year of this Agreement.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

3.6 – After ratification by both parties, the newly created and approved CBA will be placed on the intranet for Faculty and provided to Deans and/or Department Chair and additional administration as deemed appropriate by the Provost.

As part of the onboarding for Faculty and part of the Faculty assigned day during Fall/Spring Institute, a time will be provided to present the current CBA yearly.

3.7 During the term of this Agreement, the Board and the Association agree to form a Labor Relations Committee, comprised of representatives from the Association and the University's Administration. The parties agree to collaborate and meet for the purpose of ensuring the agreement's proper implementation and to minimize and/or resolve misunderstandings that may arise from time to time regarding the interpretation and application of the agreement which are best resolved through informal discussions. This committee shall meet quarterly during the academic year at a mutually agreeable time. Additional meetings may be convened as necessary. Upon mutual agreement, additional attendees may be invited who are relevant to the discussion topics and will operate under mutually agreed guidelines.

The Provost or their designee will be responsible for summarizing the discussions had at the Labor Relations Committee meetings for the University. The Association President or their designee will be responsible for summarizing discussions had at the Labor Relations Committee meetings for the Association. Summaries will be exchanged within ten (10) days of the meeting being summarized.

## ARTICLE IV - NONDISCRIMINATION

The University is committed to providing equal opportunity in all areas of recruiting, hiring, retention, promotion, provision of benefits (to the degree that the University controls eligibility for benefits), and contracted service. The University further commits itself to the policy that there shall be no unlawful discrimination against any person because of race, color, religion, disability, age, gender, national origin, sexual orientation, marital status or veteran's status. The Parties agree that this Article shall not be subject to the grievance procedures outlined in this Agreement. The University will designate and promulgate and administrative officer whose duty it is to receive inquiries regarding claims and questions relating to this Article.

For information contact the Human Resources Department.

## ARTICLE V - PERSONNEL FILES

5.1 - The employee's official personnel file will be maintained in the Office of Human Resources. It is the intent of the Board to maintain complete and current personnel files of all employees, including Faculty, in a manner consistent with the Fair Labor Standards Act, the Federal Educational Records Privacy Act (FERPA), and all other applicable state and federal law. Faculty members shall have the right to request a copy of the contents of their official personnel file and their file in the Office of Academic Affairs, at no cost, one time per academic year. Within two business days of an employee's request for a copy of his or her personnel file, the employee will receive a copy of their file from the Office of Human Resources.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

5.2 – Subject to applicable state and federal law, the University will maintain the following information in personnel files: applications, certification documents, performance evaluations, current transcripts, employment contracts, documentation of the employee's credentials, and performance-related documents. Medical records, including health insurance records, will be maintained separately within the Human Resources office, in compliance with HIPAA. Files containing immigration records will be kept separate from personnel files.

5.3 - The personnel file(s) of an individual employee will be considered confidential to the extent allowed by law. Access to personnel files will be on a strict need-to-know basis by appropriate HSSU administrators, legal counsel, or state agencies with authority.

5.4 – Within two business days of an employee's request to the Human Resources Department to inspect his or her personnel file, any employee will have the right during regular working hours to inspect his/her own personnel file, in the presence of the appropriate administrative official. However, the employee will not be permitted to review the ratings, reports and records obtained prior to the employment of the individual, including confidential placement papers and information that is protected by any other state or federal law, such as FERPA.

5.5 - Information of a critical nature will not be entered or filed in the employee's personnel folder until the employee is given notice, as well as an opportunity to review the information and comment thereon. The employee will have the right to append a reply to the statement, which will also be included in the personnel file.

5.6 - An employee may provide documentation to his or her supervisor for the supervisor's desk file. Additionally, a supervisor may maintain documentation in a desk file regarding the employee's accomplishments, performance concerns, and disciplinary concerns. Every document placed in the desk file shall be dated and initialed by the person placing it in the desk file. The employee and his or her supervisor may refer to the contents of the desk file during the evaluation process. Upon completion of the evaluation process, items not incorporated into the evaluation or otherwise transferred to the official personnel file shall not be used in subsequent evaluations. Additionally, the Office of Academic Affairs will maintain a supplemental file on each faculty member.

## ARTICLE VI - ACADEMIC FREEDOM

The Board believes that academic freedom of its full-time faculty is vital to the success of the University in fulfilling its obligations to its students and to society. The Board and the Association agree that academic freedom is essential to these purposes and applies to both teaching and research. Freedom in research is fundamental to the advancement of truth. Academic freedom in its teaching aspect is fundamental to the protection of the rights of the faculty member in teaching and of the student in learning. It carries with it duties correlative with rights, including:

1.  Faculty members are entitled to freedom in research and in the publication of the results (qualified insofar as necessary in the case of sponsored research), subject to the adequate performance of their other academic duties.

2.  Faculty members are entitled to freedom in the classroom in discussing topics relevant to instructional objectives, but have the responsibility not to depart from

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

their respective areas of competence or to divert substantial time to material outside of relevant instructional objectives.

3.     Faculty members are citizens, members of an educational institution, and members of learned professions. When they speak or write as citizens, they are to be free from institutional censorship or discipline, but their special position in the community imposes special obligations. They should anticipate that the public may judge their profession and their institution by their utterances and actions. Hence, they should at all times be accurate, exercise appropriate restraint, show respect for the opinions of others, and make every effort to indicate that they do not speak for the University.

## ARTICLE VII - PROFESSIONAL DEVELOPMENT

7.1 - In addition to funds that may be available from external funding, each full-time faculty member will be allotted up to $500 during a fiscal year, for professional development which enhances the faculty member's ability to advance the University's mission. These funds may not be shared between faculty members nor carried over into subsequent fiscal years. These funds will be guaranteed for the 2018-2019, 2019-2020, and 2020-2021 academic years. In addition, each school or college will be allotted up to $3,000 during a fiscal year, dependent upon availability of funds, for professional development which enhances the University's mission. Professional development may include the acquisition of additional graduate hours, attendance at conferences, organizational memberships, etc.

The University would like to encourage full-time faculty members to present at appropriate conferences. Appropriate conferences are those that are consistent with the faculty member's academic focus and that provide the University positive exposure. Faculty members who present at appropriate conferences are eligible for an additional $250 for professional development, for a total amount that is not to exceed $750. This additional $250 will only be allotted to a faculty member for one professional conference per academic year. A faculty member's professional development funding shall not exceed $750 per academic year.

The faculty member will submit his/her development plan at least 60 days in advance of a travel activity occurring, in accordance with established procedures, to his/her department chair. The department chair shall review the plan and make a recommendation to the Dean of the School or College. The Dean shall review the plan and make a recommendation to the Provost. The Provost shall review the plan and approve or disapprove of it, in his or her sole discretion. If the Provost does not approve the plan in writing, the faculty member will not be allotted the funds described in this section for the professional development set forth in the faculty member's professional development plan. Faculty will have the opportunity to resubmit any declined plans within thirty (30) calendar days of notification.

7.2 - The university shall allot $2250 per academic year, distributed amongst the three schools or colleges in an amount proportionate to the number of full-time faculty in each school or college, for purchasing subscriptions, books, manuscripts, research materials, media, etc. that enhance their knowledge or ability to carry out HSSU work. Such materials belong to the university. This is not designed to supplant other avenues employees have to access materials, but to augment them. The

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Dean shall review the request for materials and approve or disapprove of it, in his or her sole discretion.

## ARTICLE VIII - FULL TIME FACULTY DUTIES AND RESPONSIBILITIES

All persons affiliated with the university have the obligation to uphold the functionality, dignity, and integrity of the university. To fulfill that obligation, Full time Faculty must maintain an environment conducive to integrity in scholar and creative activity; teaching and learning; and service; and conduct themselves at all times with honesty and integrity.

8.1 – Faculty Load, Overload, Release Time and Summer Session

A. Faculty Load – Faculty are required to teach 12 credit hours during the Fall Semester and 12 credit hours during the Spring Semester. The Department Chair, and/or Dean will communicate to Faculty their load assignments consistent with Article 15.5.

B. Overload – The University may deem it necessary to assign Faculty overload courses. Faculty may accept or decline overload assignments. The Department Chair and/or Dean will communicate overload opportunities to Faculty as soon as practicable.

C. Release Time – All Faculty seeking release from their 12 credit hour teaching obligation must make a written request for release time to their Dean at least one month before the start of the semester. Faculty may be offered release time by their Dean, however, no release time will be granted unless and until a written request for release time has been approved by the Dean and Provost. .

Released course time will typically not be approved for the following activities: work done as part of normal faculty workload, directing conferences, scholarship, editing journals, leadership in professional organizations, advising student organizations, mentoring students, or paid consultant ships (unless an external funding source provides funding for the release time).

Activities that could qualify for released course time, depending on the circumstances, include work performed as Department Chair, Associate Dean, or other similar administrative positions.

D. Summer Session – Faculty may accept or decline summer session assignments.

8.2 Office Hours

a.  Faculty will establish regular office hours each semester, and will publish those office hours on the course syllabus for each course taught during a semester. Faculty will publish an applicable course syllabus to MYHSSU at least one (1) week prior to the first day of courses-fall, spring and summer. He or she will also post his or her established office hours on signage directly outside of his or her office door or cubicle entrance and on the institution's learning management system at least one (1) day before the first day of courses each fall, spring and summer. If a Faculty Member changes his/her office hours, he/she must update the signage and the institution's learning management system to accurately reflect the current office hours.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

b.      Faculty will maintain at least .75 office hour ( forty-five minutes) per credit hour taught, each week, over a minimum of three (3) days per week. Faculty must conduct office hours in person and on campus, unless the faculty member's Chair or Dean provides the faculty member an exception to this rule in writing. The Faculty Member's Chair or Dean will provide such exception in his or her sole discretion.

c.      If a faculty member is unable to keep established office hours on a given day due to a scheduling conflict or illness, he or she shall record the cancellation within twenty-four (24) hours of the cancellation in the University-provided and monitored database. Faculty must reschedule cancelled office hours to another time during the same week, or as soon thereafter as practical, unless the Faculty Member's Chair or Dean provides the Faculty Member with an exception in writing. The Faculty member's Chair or Dean will provide such exception in his or her sole discretion.

d.      A Faculty Member's failure to adhere to the requirements applicable to him or her, as set forth in subsection 8.2 (a)-(c), may be serious infractions for various reasons, including because these infractions impede the University's ability to provide a quality education to its students. Accordingly, a Faculty Member's failure to adhere to the provisions set forth in subsections 8.2 (a)-(c) of this Agreement may serve as a basis for discipline. This discipline must occur consistent with Article 13 of this Agreement, and may begin at an advanced step, including suspension without pay or discharge, depending on the severity of the offense.

## 8.3 - Advising Duties

a.      Faculty shall schedule· at least two (2) meetings with each student enrolled in his or her course each semester. If a student misses a scheduled appointment, the faculty member shall notate information within the University data tracking system. A student's refusal to adhere to the appointment shall not serve as a basis to discipline the faculty member under this subsection.

b.      Faculty shall academically advise students at the Professional Level within their major and/or department. Faculty shall meet with each of their advisees (as assigned by the Chair of the Department), at least two (2) times per semester, including one time within the first two (2) weeks of the semester, and one time within the eighth and tenth weeks of the semester.

c.      Faculty shall utilize a University-wide meeting documentation and database and scheduling .system to record the name of each advisee, the date of the meeting with the advisee, the identification number of the advisee, the course discussed, recommendations made by the member to the advisee, length of the time spent with the advisee, and any retention risks identified by the faculty.

d.      A Faculty Member's failure to adhere to the requirements applicable to him or her, as set forth in subsection 8.3 (a)-(c), may be serious infractions for various reasons,