Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

EEOC Form 5 (11/09)

EXHIBIT
3

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge |
|---|---|
| ☒ FEPA | |
| ☒ EEOC | |

| Missouri Commission on Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* Mr. Kenneth Noe | Home Phone *(Incl. Area Code)* 3149257627 | Date of Birth Redacted-Personal Identifier |
|---|---|---|

| Street Address 14323 S Outer 40 Rd, Ste 204N | City, State and ZIP Code Chesterfield, MO 63017 | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name Harris-Stowe State University | No. Employees, Members 15+ | Phone No. (Incl. Area Code) 3143403366 |
|---|---|---|

| Street Address 3026 Laclede Ave., St. Louis, MO 63103 | City, State and ZIP Code | |
|---|---|---|

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code | |
|---|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| ☐ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☒ RETALIATION | ☐ AGE | ☒ DISABILITY | | ☐ GENETIC INFORMATION |
| ☐ OTHER *(Specify)* | | | | |

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest August 2021 | Latest 9/9/2022 |
|---|---|

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Please see attached "Particulars."

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3/8/23
Date                    Charging Party Signature

NOTARY – *When necessary for State or Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

## PARTICULARS

### OVERVIEW

In or around August of 2015, I (Kenneth Noe) was hired by Harris-Stowe State University ("Harris-Stowe") as a Tenure-Track Assistant Professor of Philosophy.  By way of background, Harris-Stowe is a historically black, public university which is principally located in the City of St. Louis, Missouri.  As a result of the COVID-19 pandemic, for the four (4) semesters preceding my September 9, 2022, termination of employment, I (along with other Harris-Stowe professors) was teaching my classes remotely.

### MY DISABILITIES

By virtue of my disabilities which are discussed in more depth below, I am a member of a class of persons protected by both the Americans with Disabilities Act (the "ADA") and the Missouri Human Rights Act (the "MHRA").  More specifically, I have been diagnosed with and suffer from several physical and mental medical impairments, including the following:

- Type II Diabetes (physical impairment).

- Hyperglycemia (physical impairment).

- Major depressive disorder (mental impairment).

- Panic disorder (mental impairment).

- Agoraphobia (mental impairment).[1]

Each of the foregoing physical and mental impairments are "disabilities," as that term is defined (and contemplated) by both the ADA and MHRA because:

- They, individually and collectively, substantially limit one (1) or more of my major life activities.

---

[1] "Agoraphobia" is listed in the Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) as "[a]nxiety about being in places or situations from which escape might be difficult (or embarrassing) or in which help may not be available in the event of having an unexpected or situationally predisposed panic attack or panic-like symptoms.  Agoraphobia fears typically involve characteristic clusters of situations that include being outside the home alone; being in a crowd or standing in a line; being on a bridge; and traveling in a bus, train, or automobile."

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

- I have a record of each of the above-listed physical and mental impairments.

  **and/or**

- Harris-Stowe regarded me as having one or more of the above-listed physical and/or mental impairments.

None of my physical or mental impairments posed any threat of demonstrable serious harm to either myself or any other person.  As set forth in more detail below, Harris-Stowe was made aware of each of my above-listed mental and physical disabilities on a number of separate occasions.

### AUGUST 17-18, 2021—ADA ACCOMMODATION PAPERWORK

On August 17-18, 2021, Nurse Practitioner Eoloff, completed Harris-Stowe's required ADA accommodation request paperwork on my behalf (the "August 17-18, 2021, ADA Paperwork").[2]  Nurse Practitioner Eoloff stated that I "**[s]hould work from home until further notice due to high risk of COVID infection**."[3]

In addition to completing Harris-Stowe's ADA Paperwork, Nurse Practitioner Eoloff also provided the university with a type-written note on Mercy Clinic Internal Medicine-Chippewa ("Mercy Hospital") letterhead, which stated:

> Kenneth E. Noe has medical conditions that would put him at increased risk of Covid infection.  It is recommended that he performs his job duties remotely and work from home.  FMLA forms have been completed to show this accommodation request.  Please feel free to contact the office if there are any additional questions or problems.  Thank you for your time in this matter.[4]

Nurse Practitioner Eoloff's fax confirmation confirms that she sent the completed August 17-18, 2021, ADA Paperwork to "[a]ttn Romney Edwards" on August 18, 2021.[5]

In addition to Nurse Practitioner Eoloff completing the August 17-18, 2021, ADA Paperwork and providing a type-written note on Mercy Hospital letterhead, at Harris-Stowe's request, I also executed a HIPAA compliant medical release authorizing Harris-Stowe to access my medical records from Dr. Catherine Ash, M.D. ("Dr. Ash") for medical

---

[2] *See generally* attached and incorporated Exhibit 3.
[3] *Id.* at pp. 6-8 (emphasis added).
[4] *Id.* at p. 9.
[5] *Id.* at p. 2.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

records "[a]pplicable to ADA Accommodations in the workplace," "[u]ntil the Provider fulfills [the] request [for medical records]."[6]

On August 18, 2021, I requested a reasonable accommodation for my above-described physical impairments.  Specifically, I requested that Harris-Stowe continue permitting me to teach my classes remotely.  I properly submitted all requested ADA Accommodation paperwork, and Harris-Stowe approved my request for this reasonable accommodation.  This request did not include any sort of end date.  I did not receive Harris-Stowe's response to my request until October 22, 2021.  In Harris-Stowe's response, however, it did not claim that my August 17-18, 2021, request for the reasonable accommodation of remote teaching posed any sort of undue hardship on either the university or my students.  Likewise, Harris-Stowe never claimed that, by teaching remotely, I would be unable to fulfill the essential functions of my job as a university professor.

### NOVEMBER 10, 2021—ADA ACCOMMODATION PAPERWORK

On November 10, 2021, my primary care physician's nurse practitioner, Gina Eoloff, L.P.N. ("Nurse Practitioner Eoloff"), completed/returned Harris-Stowe's required ADA accommodation request paperwork on my behalf (the "November 10, 2021, ADA Paperwork").[7]  In Nurse Practitioner Eoloff's November 10, 2021, ADA Paperwork, she stated that I was suffering from the physical impairments of Type II Diabetes and Hyperglycemia, and these impairments substantially limited one or more of my major life activities—"Interacting with Others."[8]  More specifically, Nurse Practitioner Eoloff noted that my physical impairments could interfere with my job performance because, "diabetes and hyperglycemia can cause disfunction to [my] immune system" making me a ". . . high risk for possible COVID."[9]  Nurse Practitioner Eoloff further indicated that, as a result of my physical impairments, I "[s]hould work from home until Spring 2022 due to high risk [of] COVID infection" due to my conditions.[10]

As a result of my physical impairments as noted by Nurse Practitioner Eoloff in the November 10, 2021, ADA Paperwork, she specifically requested that Harris-Stowe provide me with the reasonable accommodation of "working from home"—something that I (and other Harris-Stowe) professors had successfully been doing since the onset of the COVID-19 pandemic.[11]  In response to the ADA Paperwork's question of "[h]ow does the employee's limitation(s) interfere with his/her ability to perform the job function(s) or

---

[6] Exhibit 2, p. 5.
[7] *See generally* attached and incorporated Exhibit 1.
[8] *Id.* at p. 1.
[9] *Id.*
[10] *Id.* at p. 2.
[11] *Id.*

access a benefit of employment?," Nurse Practitioner Eoloff stated that I "can perform [my] job duties but recommend[s] pt [patient] work from home remotely."[12]

Likewise, in response to the ADA Paperwork's question, "[d]o you have any suggestions regarding possible accommodations to improve job performance?," Nurse Practitioner Eoloff checked the box for "Yes," and offered the suggestion of allowing me ". . . to work from home until Spring 2022."[13]  In response to the question, "[h]ow would your suggestions improve the employee's job performance?," Nurse Practitioner Eoloff stated, "[j]ob can still be performed while decreasing risk factor for patient."[14]  Finally, Nurse Practitioner Eoloff indicated that she faxed the above-described ADA Paperwork to Harris-Stowe employee "Romney Edwards" on November 10, 2021.[15]

Like my August 18, 2021, request for the reasonable accommodation of teaching remotely, Harris-Stowe granted my request.  Notably, I did not receive a response from Harris-Stowe until January 24, 2022.  Regardless, and also as was the case for my August 18, 2021, request, Harris-Stowe never made any mention that my request for a reasonable accommodation either posed any sort of undue hardship on the university or would affect my ability to perform the essential functions of my job as a university professor.

### AUGUST 8, 2022—ADA ACCOMMODATION PAPERWORK

On August 8, 2022, Nurse Practitioner Eoloff, completed/returned a third set of Harris-Stowe's required ADA accommodation request paperwork on my behalf (the "August 8, 2022, ADA Paperwork").[16]  In Nurse Practitioner Eoloff's August 8, 2022, ADA Paperwork, she restated her responses to the November 10, 2021, ADA Paperwork verbatim, with one exception.[17]  Namely, Nurse Practitioner Eoloff indicated that, as a result of the ongoing COVID-19 pandemic, and the continued high risks that the disease posed to my health as a result of my medical conditions, that Harris-Stowe extend my previously approved (and successfully implemented, on my part) reasonable accommodation of working remotely ". . . through Spring 2023."[18]

### AUGUST 30, 2022—ADA ACCOMMODATION PAPERWORK

On August 30, 2022, my psychiatrist, Dr. Saif-Ur-Rahman Paracha, M.D. (Dr. Paracha"), completed/returned Harris-Stowe's required ADA accommodation request

---

[12] Exhibit 1, p. 2.
[13] *Id.*
[14] *Id.*
[15] *Id.* at p. 4.
[16] *See generally* attached and incorporated Exhibit 2.
[17] *See generally Id.*
[18] *Id.* at p. 2.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

paperwork on my behalf (the "August 30, 2022, ADA Paperwork")—specifically related to my diagnosed mental impairments which were specifically identified above as Major Depressive Disorder, Panic Disorder, and Agoraphobia (collectively, my "mental impairments").[19]  In Dr. Paracha's August 30, 2022, ADA Paperwork, he specifically:

- Identified me as having been diagnosed with each of the aforementioned mental impairments.[20]

- Indicated that the mental impairments substantially limited one or more of my major life activities ". . . as compared to most people in the general population," and more specifically affected the major life activities of sleeping, interacting with others, thinking, concentrating, working, and caring for self.[21]

- Stated that the anticipated duration of my mental impairments was "6-12 months."[22]

- Stated that my "[t]emporary with residual side effects" include that I "[c]an have ongoing anxiety with periodic flare ups."[23]

- As to whether my mental impairments were "Episodic/In Remission," Dr. Paracha stated that I have ". . . ongoing anxiety and depression with periodic exacerbations."[24]

Under Section B of the ADA Paperwork stating, "[q]uestions to help determine whether an accommodation is needed," Dr. Paracha answered each question as follows (Dr. Paracha's answers are in bold):[25]

1. "What limitation(s) is interfering with job performance or accessing a benefit of employment?  **Anxiety and fear of leaving house, intense anxiety among crowds, recurrent panic attacks, anxiety related [to] driving and being around other people being unsafe or unhealthy; severe depression."[26]**

---

[19] *See generally* attached and incorporated Exhibit 4.
[20] *Id.* at p. 1.
[21] *Id.*
[22] *Id.* at p. 2.
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] Exhibit 4, p. 2 (emphasis added to Dr. Paracha's answers).

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

2.     "What job functions (description attached) or benefits of employment is the employee having trouble performing or accessing because of the limitation(s)? **Being in a class or teaching class in-person due to fear of being around crowds of people and getting sick [due to COVID-19].**"[27]

3.     "How does the employee's limitation(s) interfere with his/her ability to perform the job function(s) or access a benefit of employment? **Patient can have severe difficulty and has had to call off work due to being unable to drive comfortably, get to work and due to severe anxiety of being in a class with other people.**"[28]

When asked if Dr. Paracha has ". . . any suggestions regarding possible accommodations to improve job performance," he checked the box for "Yes," and added, "[p]atient may be able to maintain his work on a virtual or remote basis."[29] Likewise, in response to the ADA Paperwork's question, "[h]ow would your suggestions improve the employee's job performance?," Dr. Paracha stated, "[b]eing in a safe/familiar environment at home."[30]  Dr. Paracha dated the form on August 30, 2022.[31]  Finally, Dr. Paracha provided me with a "WORK/SCHOOL EXCUSE" dated August 30, 2022, that restricted me from working on "8/15/22 through 8/30/22" with a release to return to work at Harris-Stowe on August 31, 2022.[32]

In contrast to Harris-Stowe's response to my previously approved requests for identical reasonable accommodations, on August 18, 2022, I received a letter from Monique C. McKinney ("McKinney") from Harris-Stowe's Office of Human Resources.[33] In McKinney's letter, she stated that she was ". . . writing with regards to your recent request for a continued remote-work accommodation."[34]  To that end, she continued:

As you were made aware in the communication from this office on January 24, 2022 responding to your penultimate ADA Accommodation request, "[a]fter careful review, we have determined that we will grant the accommodation of remote work through 5/14/2022.  **However, we are unable to continue to provide you with a reasonable accommodation of remote work after 5/14/22.  This is due to the need of having Faculty on**

---

[27] *Id.* (emphasis added to Dr. Paracha's answers).
[28] *Id.* (emphasis added to Dr. Paracha's answers).
[29] *Id.*
[30] *Id.*
[31] *Id.* at p. 3.
[32] *Id.* at p. 4.
[33] *See generally* attached and incorporated Exhibit 5.
[34] *Id.* at p. 1.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

**site to fulfil required student facing interactions and your past failure to participate in meetings and events (including virtual events) where your attendance is required [of] faculty** (emphasis added)."  This office in consultation with the administration now informs you that the requested accommodation submitted on August 8, 2022 to work remotely through Spring 2023 is denied.[35]

Rather than continuing to accommodate my impairments, McKinney stated that Harris-Stowe, instead, proposed the following accommodations:

1. "Permitting you to require masks of students in your class, as well as during meetings with administrators, faculty and students (for conferences, advising, or otherwise)."[36]

2. "Permitting you to restrict the front row of your classroom."[37]

3. "Limiting the classroom size to 12 to enable social distancing in the classroom"[38]

   **and**

4. "Permitting you to take an additional 15 minute break during class time if needed to address your health, so long as the amount of additional breaks are reported to your Dean so that a determination can be made as to whether the students need a supplemental assignment or tasks to make up class-time."[39]

However, the above-listed, proposed accommodations failed to satisfy my physician's specifically enumerated basis for requesting accommodations for my impairments (including with respect to driving).

McKinney concluded her August 18, 2022, letter denying my request for the ongoing reasonable accommodation of teaching remotely by stating:

If the above accommodations are acceptable to you, please advise and we will take steps to implement them.  If you do not believe some or all of these suggested accommodations are necessary, please advise.  If you have another

---

[35] Exhibit 5, p. 1 (emphasis in original).
[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] *Id.*

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

articulable on-campus accommodation that may be more closely tailored to your concerns, please let us know so that we may discuss.[40]

Of additional note, at the time I received McKinney's aforementioned letter, I was aware that Harris-Stowe Provost, Dr. Edward Hill, had continued teaching his classes remotely. Thus, it was difficult for me to believe that this reasonable accommodation posed any sort of undue hardship on Harris-Stowe (*vis-à-vis* my students).

**HARRIS-STOWE'S UNLAWFUL
TERMINATION OF MY EMPLOYMENT**

On September 9, 2022, McKinney sent me another letter regarding my most recent request for a continuation of my previously approved reasonable accommodations.[41]  In this letter, McKinney began by stating that:

> We are in receipt of the submission from Psych Care Consultants dated August 30, 2022, which was received by facsimile at 2:16 pm on that date. This Psych Care Consultants submission follows your initial submission from Mercy Internal Medicine, which is dated August 8, 2022 and was received by facsimile at 11:50 am on that date.  The University has compared the differences in the reported impairment and limitations.[42]

Continuing, McKinney stated:

> The University has communicated to you that in-person instruction and advising of students is an essential function of your job.  The University has also demonstrated, on numerous occasions, its intent and commitment to engaging with you to arrive at reasonable accommodations, that meet the needs of the University which are, among other things, to provide our students with in-person instruction and advising.[43]

McKinney then proceeded to restate (verbatim) the accommodations proposed in her August 18, 2022, letter.[44]  However, McKinney noted that my "... response to this opening attempt by the University to commence an interactive process was submitted that same day, August 18, 2022, and there you **<u>rejected</u>** each proposed accommodation and instead

---

[40] Exhibit 5, p. 2.
[41] *See generally* attached and incorporated Exhibit 6.
[42] *Id.* at p. 2.
[43] *Id.*
[44] *Id.*

Page 8 of 11

**NOE PETITION EXH 3, Page 9 of 43**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

stated that because your doctor recommended remote work accommodations, that you will hold firm that the only accommodation you will accept is remote work."[45]

With regard to my position on Harris-Stowe's unacceptable accommodations as proposed in McKinney's August 18, 2022, letter, she stated that, "[t]he University further communicated with you on August 19, 2022 when it was expressed that:"[46]

> The university has communicated that remote work poses an undue burden and therefore the requested accommodation [of remote work] was not approved…The University remains committed to engaging with you in this regard…Please confirm that you will not engage with the University in crafting reasonable accommodations that will permit you to work in person.[47]

> <u>You did not respond to this communication</u>.  You have not proposed any reasonable accommodations that would permit you to provide our students with the needed in-person instructions, or meet an essential function of your job which his [sic] to provide in-person instruction and student advising. You have therefore refused to engage in an interactive process in any meaningful manner whatsoever.[48]

> The University notes that in addition to your unacceptable actions outlined in this office's August 28, 2022 communication concerning your unilateral cancellation of class and the issues created by these actions, in stark violation of the University's directives to you, you have since directly contacted students and instructed them to visit an on-line platform where you would essentially conduct the classes assigned to you online.  Several students have complained in-person about this to the University.  Some students have opted to remove themselves from the courses assigned to you, and for others, the University is now compelled to craft student-focused solutions.[49]

> You were informed last academic year that in-person instruction would be required for all faculty for academic year 2022-2023.  You were informed on August 28, 2022 that the University expects you to hold in-person classes, as consistent with both the University and our students' expectations of you. You have refused to respond in writing with a proposal describing anything the University could do to accommodate you providing in-person instruction and advising.  Your insubordination and refusal to communicate effectively

---

[45] Exhibit 6, pp. 1-2 (emphasis in original).
[46] *Id.* at p. 2.
[47] *Id.* (brackets and ellipsis in original).
[48] *Id.* at p. 2 (emphasis in original).
[49] *Id.*

Page 9 of 11

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

or meaningfully with your Dean, and your actions to essentially convert your assigned in-person classes to online instruction despite the University's communications to you is cause for termination.[50]

**Therefore, you are hereby informed that effective immediately, your employment with the University is terminated.**  Please return your University access including your hadge [sic], keys, documents, and any other University property to the Office of Human Resources no later than 5pm on September 14, 2022.  Please call the undersigned to make arrangements.  If you would prefer to send the University property by courier, please advise and we will send a prepaid box to your home.  As a courtesy, you will be paid your full salary until September 30, 2022.  You will soon receive information in a separate communication regarding COBRA.[51]

Each of McKinney's foregoing, allegedly non-discriminatory reasons for terminating my employment were patently false and merely an effort to hide Harris-Stowe's true, unlawful reasons for terminating my employment—because of my physical and mental health impairments and in retaliation for me engaging in activities protected under both the ADA and MHRA (as set forth in detail above). By way of examples, McKinney's references to:

- Previous issues with student facing interactions was unsupported, as my previous teaching year was solely via approved remote instruction.

- Alleged attendance issues at mandatory meetings and events was false.

- An August 19, 2022, letter to me regarding continuing to engage in the interactive process was false.  To this end, I never received any letter from Harris-Stowe dated August 19, 2022.  Rather, through my union representative, on both August 26, 2022, and September 2, 2022,[52] I made requests that Harris-Stowe engage in the interactive process—both emails went unanswered.

Moreover, Harris-Stowe's claim that my request to continue teaching remotely somehow posed an undue hardship on the university was both empirically denied by my (and other university professors) having previously (and successfully, without incident) taught all courses online, as well as by virtue of the number of exclusively online courses

---

[50] Exhibit 6, p. 2.
[51] *Id.* (emphasis added).
[52] *See generally* attached and incorporated Exhibit 7.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

the university continued to offer its students for the Fall 2022 semester. Namely, throughout the Spring and Summer months of 2022, Harris-Stowe had tentative course lists available on their public-facing website. As of August 11, 2022, I was scheduled to teach two courses that were traditionally taught online (i.e., remotely). Likewise, as of August 11, 2022, the Harris-Stowe website listed two additional courses within my discipline which were also traditionally taught online.

Rather than assign me to teach these courses, Harris-Stowe, instead, assigned the courses to "staff" and "adjunct" faculty. On August 11, 2022, I again emailed Dean Terry Daily Davis ("Dean Davis") requesting that I be assigned to teach the aforementioned, online courses (which would have resulted in me having a full faculty courseload). However, Dean Davis failed to respond to my August 11, 2022, email requesting these online assignments. Around the same time, I submitted an additional request to be assigned to teach a traditionally online course. However, this request was also ignored.

Finally, despite McKinney's September 9, 2022, letter stating that I would be paid through the end of September, when I received my final paycheck, Harris-Stowe failed to properly pay me.[53] As I had never experienced any pay issues from the university before, I believe this failure was more than a mere oversight. Rather, I believe it constituted the continuation of Harris-Stowe's unlawful and retaliatory behavior.

## CONCLUSION

In conclusion, I believe that Harris-Stowe's true basis for terminating my employment was due to unlawful discrimination, harassment, and retaliation in violation of, among other potential anti-discrimination laws, the ADA and MHRA. Additionally, and as discussed in detail above, I also believe that Harris-Stowe subjected me to unlawful discrimination and harassment based upon my above-listed mental and physical impairments (i.e., my mental and physical disabilities), also in violation of, among other potential anti-discrimination laws, the ADA and MHRA.

---

[53] *See generally* attached and incorporated Exhibit 8.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

**EXHIBIT**

**1**

# HARRIS-STOWE
### STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

### Medical Inquiry Form
### ADA Reasonable Accommodation Request

**Information Pertaining to Medical Documentation:** In the context of assessing an accommodation request, medical documentation is required to determine if the employee has a disability covered by the ADA and to assist in identifying an effective accommodation. It is the responsibility of the employee to ensure this form is completed by the medical provider and returned back to the employer in order to complete the accommodation request.

Medical providers are asked to complete each section and fax back the signed and dated original form using the contact information on the attached document which also includes a description of the employee's job duties.

### Fax Completed Form To The Attention of Romney Edwards at FAX #314.340.3395

**Employee Name:**          *Kenneth Noe*

**A. Questions to help determine whether the employee has a disability.**

**1. Existence of impairment:** For reasonable accommodation under the ADA, the employee has a disability if he or she has an impairment that substantially limits one or more major life activities or a record of such impairment.

**Does the employee have a physical or mental impairment?** ☑YES ☐NO

a. If yes, what is the impairment? *Type II DM / hyperglycemia*

**2. Limitations on major life activities:** Answer the following question based on what limitations the employee has when his or her condition is in an active state and what limitations the employee would have if no mitigating measures were used. Mitigating measures include things such as medication, medical supplies, equipment, hearing aids, mobility devices, assistive technology, auxiliary aids or services, prosthetics, etc. Mitigating measures do not include ordinary eyeglasses or contact lenses.

**Does the impairment substantially limit a major life activity as compared to most people in the general population?** ☑YES ☐NO

a. If yes, what major life activity(s) (including major bodily functions) is/are affected? (Please circle).

| | | | |
|---|---|---|---|
| ☐Bending | ☐Hearing | ☐Reaching | ☐Speaking |
| ☐Breathing | ☑Interacting with Others | ☐Reading | ☐Learning |
| ☐Seeing | ☐Thinking Concentrating | ☐Lifting | ☐Sitting |
| ☐Walking | ☐Eating | ☐Performing Manual Tasks | |
| ☐Sleeping | ☐Working | ☐Standing | ☐Caring for Self |

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# HARRIS-STOWE
## STATE UNIVERSITY
### OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

Other (Describe):

**b. If yes, what major bodily function(s) is/are affected? (Please circle).**

☐ Bladder    ☐ Digestive    ☐ Lymphatic    ☐ Reproductive

☐ Bowel    ☒ Endocrine    ☐ Musculoskeletal    ☐ Respiratory

☐ Brain    ☐ Genitourinary    ☐ Neurological    ☐ Special Sense Organs

☐ Hemic    ☐ Cardiovascular    ☐ Normal Cell Growth    ☐ Circulatory

☒ Immune    ☐ Operation of an Organ

Other (Describe):

**3. Duration:** Describe the nature, severity and anticipated duration of the impairment.

Temporary (explain): *Should work from home until*

Anticipated duration: *Spring 2022*

*due to high risk*

Temporary with residual side effects (explain): *Covid infection*

Permanent:

Episodic/In Remission (explain):

**B. Questions to help determine whether an accommodation is needed.**

1. What limitation(s) is interfering with job performance or accessing a benefit of employment?
*Diabetes & hyperglycemia can cause dysfunction to immune system — high risk for possible COVID infection*

2. What job functions (description attached) or benefits of employment is the employee having trouble performing or accessing because of the limitation(s)? *High risk pt Needing accomodation of working from home*

3. How does the employee's limitation(s) interfere with his/her ability to perform the job function(s) or access a benefit of employment?
*Can perform job duties but recommend pt work from home remotely*

**C. Questions to help determine effective accommodation options.**

1. Do you have any suggestions regarding possible accommodations to improve job performance?
☒ YES ☐ NO

a. If so, what are they? *Allow patient to work from home until spring 2022*

2. How would your suggestions improve the employee's job performance? *Job can still be performed while decreasing risk factor to patient*

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# HARRIS-STOWE
## STATE UNIVERSITY
### OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

**D. Other Questions or Comments:**

Health Care Provider Name: _Gina Eoloff ~ HAND NP_

Health Care Provider Address: _6435 Chippewa St Louis Mo 63116_

Health Care Provider Phone Number: _314-366-3000_

Health Care Provider Signature: X _Gina Hand-Eoloff, DNP_

Date: _11-10-21_

**Fax Completed Form to the Attention of <u>Romney Edwards</u> at FAX #<u>314.340.3395</u>**

This authorization does not cover, and the information to be disclosed should not contain, genetic information. "Genetic Information" includes: Information about an individual's genetic tests; information about genetic tests of an individual's family members; information about the manifestation of a disease or disorder in an individual's family members (family medical history); an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or a family member of the individual; and genetic information of a fetus carried by an individual or by a pregnant woman who is a family member of the individual and the genetic information of any embryo legally held by the individual or family member using an assisted reproductive technology.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# Mercy

**FAX FROM:**
*internal medicine*
Mercy Oncology Hematology Chippewa
6435 Chippewa Street
St. Louis, MO 63109
PHONE: (314) ~~353-1870~~ 314-326-3050
FAX: (314) ~~353-0315~~ 314-326-3021

DATE: _11-11-21_

TO: _Romney Edwards_

_____

_____

PHONE: _____

FAX: _314-340-3395_

# PAGES (including cover sheet): _____

COMMENTS: _FMLA Dr Kenneth Noe_

_____

_____

_____

_____

*The materials with this facsimile transmission are private and confidential and are the property of the sender. If you are not the intended recipient, be advised that any unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this facsimile in error, please immediately notify me by telephone to arrange for the return of the documents.*

** Transmit Confirmation Report **

Nov 10 2021 02:26pm
P.1
ST.LOUIS CANCER&BREAST Fax:314-353-1505

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 3143403395 | Normal | 10.02:25pm | 0'59" | 5 | # O K | |

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



**HARRIS-STOWE**
STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

### Medical Inquiry Form
### ADA Reasonable Accommodation Request

**Information Pertaining to Medical Documentation:** In the context of assessing an accommodation request, medical documentation is required to determine if the employee has a disability covered by the ADA and to assist in identifying an effective accommodation. It is the responsibility of the employee to ensure this form is completed by the medical provider and returned back to the employer in order to complete the accommodation request.

Medical providers are asked to complete each section and fax back the signed and dated original form using the contact information on the attached document which also includes a description of the employee's job duties.

<u>Fax Completed Form To The Attention of Romney Edwards at FAX #314.340.3395</u>

Employee Name: _____ Kenneth Noe _____

**A. Questions to help determine whether the employee has a disability.**

**1. Existence of Impairment:** For reasonable accommodation under the ADA, the employee has a disability if he or she has an impairment that substantially limits one or more major life activities or a record of such impairment.

Does the employee have a physical or mental impairment? ☒YES ☐NO

  a. If yes, what is the impairment? _Type II Diabetes / hyperglycemia_

**2. Limitations on major life activities:** Answer the following question based on what limitations the employee has when his or her condition is in an active state and what limitations the employee would have if no mitigating measures were used. Mitigating measures include things such as medication, medical supplies, equipment, hearing aids, mobility devices, assistive technology, auxiliary aids or services, prosthetics, etc. Mitigating measures do not include ordinary eyeglasses or contact lenses.

Does the impairment substantially limit a major life activity as compared to most people in the general population? ☒YES ☐NO

  a. If yes, what major life activity(s) (including major bodily functions) is/are affected? (Please circle).

| | | | |
|---|---|---|---|
| ☐Bending | ☐Hearing | ☐Reaching | ☐Speaking |
| ☐Breathing | ☒Interacting with Others | ☐Reading | ☐Learning |
| ☐Seeing | ☐Thinking Concentrating | ☐Lifting | ☐Sitting |
| ☐Walking | ☐Eating | ☐Performing Manual Tasks | |
| ☐Sleeping | ☐Working | ☐Standing | ☐Caring for Self |

**EXHIBIT**

tabbies

2

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# HARRIS-STOWE STATE UNIVERSITY
## OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3895
www.hssu.edu

Other (Describe):

b. If yes, what major bodily function(s) is/are affected? (Please circle).

- ☐ Bladder
- ☐ Digestive
- ☐ Lymphatic
- ☐ Reproductive
- ☐ Bowel
- ☒ Endocrine
- ☐ Musculoskeletal
- ☐ Respiratory
- ☐ Brain
- ☐ Genitourinary
- ☐ Neurological
- ☐ Special Sense Organs
- ☐ Hemic
- ☐ Cardiovascular
- ☐ Normal Cell Growth
- ☐ Circulatory
- ☒ Immune
- ☐ Operation of an Organ

Other (Describe):

**3. Duration:** Describe the nature, severity and anticipated duration of the impairment.

Temporary (explain): *Should work from home through Spring 2023 due*

Anticipated duration: *to high risk for*

Temporary with residual side effects (explain): *covid infection*

Permanent:

Episodic/In Remission (explain):

## B. Questions to help determine whether an accommodation is needed.

1. What limitation(s) is interfering with job performance or accessing a benefit of employment? *Diabetes & hyperglycemia can cause dysfunction to immune system & is a high risk for possible Covid infection*

2. What job functions (description attached) or benefits of employment is the employee having trouble performing or accessing because of the limitation(s)? *High Risk Needing Accomodation of working from home*

3. How does the employee's limitation(s) interfere with his/her ability to perform the job function(s) or access a benefit of employment? *Can perform job duties but recommend pt work from home remotely*

## C. Questions to help determine effective accommodation options.

1. Do you have any suggestions regarding possible accommodations to improve job performance?
☒ YES ☐ NO   *Allow pt to work from home through Spring 2023*

a. If so, what are they?

2. How would your suggestions improve the employee's job performance? *Job can still be performed while decreasing risk exposure to patient*

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# HARRIS-STOWE STATE UNIVERSITY
### OFFICE OF HUMAN RESOURCES

3026 Laclede Ave. | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

**D. Other Questions or Comments:**

Health Care Provider Name: _Ginx Eoloff Hand NP_

Health Care Provider Address: _6435 Chippewa St Louis Mo 63105_

Health Care Provider Phone Number: _314-366-3000_

Health Care Provider Signature: _X Ginx Hand-Eoloff DNP_

Date: _8-8-22_

**Fax Completed Form to the Attention of <u>Romney Edwards</u> at FAX #<u>314.340.3395</u>**

---

This authorization does not cover, and the information to be disclosed should not contain, genetic information. "Genetic Information" includes: Information about an individual's genetic tests; information about genetic tests of an individual's family members; information about the manifestation of a disease or disorder in an individual's family member (family medical history); an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or a family member of the individual; and genetic information of a fetus carried by an individual or by a pregnant woman who is a family member of the individual and the genetic information of any embryo legally held by the individual or family member using an assisted reproductive technology.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

lercy

**FAX FROM:**

Mercy Internal Medicine

6435 Chippewa Street

St. Louis, MO 63109

PHONE: (314) 366-3000

FAX: (314) 366-3001

**EXHIBIT**

**3**

DATE: 8/18/21

TO: Kenneth Noe

PHONE: Email — Redacted-Personal Identifier

FAX:

# PAGES (including cover sheet): 9

COMMENTS:

*The materials with this facsimile transmission are private and confidential and are the property of the sender. If you are not the intended recipient, be advised that any unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this facsimile in error, please immediately notify me by telephone to arrange for the return of the documents.*

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# FAX CONFIRMATION

**Result: Success**

**Sent by:**

Name:          Mercy Clinic Internal Med - Chippewa - (314) 366-3001

Voice Number:

Fax Number:

RightFax ID:   CLINIC_208212420

**Sent to:**

Name:            Fax User

Company:

Number/Address: 3143403395

Voice Number:

Remote CSID:     Unknown



**Details:**

| | |
|---|---|
| Type: | Fax |
| Cover Sheet: | has a cover page |
| Body Pages: | 7 |
| Billing Code #1: | |
| Billing Code #2: | |
| Unique ID: | CLI611D33D3A019 |
| Fax Channel: | 65 |
| Scanning Device: | |
| Scanned at: | 08/18/21 17:22:33 |
| Submitted at: | 08/18/21 16:22:42 |
| Completed at: | 08/18/21 16:22:48 |

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



FAX FROM:

Mercy Internal Medicine

6435 Chippewa Street

St. Louis, MO  63109

PHONE:  (314) 366-3000

FAX:  (314) 366-3001

DATE: _____8/18/21_____

TO: _____Harris Stowe_____

_____Attn: Romney Edwards_____

PHONE: _____

FAX: _____314.340.3395_____

# PAGES (including cover sheet): ___7___

COMMENTS:

_____

_____

_____

_____

_____

*The materials with this facsimile transmission are private and confidential and are the property of the sender. If you are not the intended recipient, be advised that any unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this facsimile in error, please immediately notify me by telephone to arrange for the return of the documents.*

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Aug. 17. 2021   1:4  PM                                                    No. 4518   P.



**HARRIS-STOWE**
STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

# Fax

| To: | Dr. Catherine Ash | From: | Romney Edwards |
|---|---|---|---|
| Fax: | 314.366.3001 | Pages: | 4 |
| Phone: | | Date | August 17, 2021 |
| Re: | Kenneth Noe ADA Paperwork | cc: | |

☐ Urgent   ☒ For Review   ☐ Please Comment   ☐ Please Reply   ☒ Please Recycle

Greetings,

Attached you will find the Request for ADA Documentation for Kenneth Noe.

I can be reached at 314.340.3563.

Thank you.

Romney Edwards
Director of Human Resources
Harris-Stowe State University

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Aug. 17. 2021  1:42 PM                                                    No. 4513   P. 3


HARRIS-STOWE
STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

## AUTHORIZATION FOR USE/DISCLOSURE
## OF HEALTH INFORMATION

**Authorization for Use/Disclosure of Information:** I voluntarily consent to and authorize my health care provider Dr. Catherine Ash _____ (insert name) to use or disclose my health information during the term of this Authorization to the recipient(s) that I have identified below.

**Recipient:** I authorize my health care information to be released to the following recipient(s):

Name:  Kenneth Noe

Address: **[Redacted-Personal Identifier]**

**Purpose:** I authorize the release of my health information for the following specific purpose: ADA Accommodations for the workplace _____ .
(Note: "at the request of the patient" is sufficient if the patient is initiating this Authorization)

**Information to be disclosed:** I authorize the release of the following health information:

☐    All of my health information that the provider has in his or her possession, including information relating to any medical history, mental or physical condition and any treatment received by me.

☒    Only the following records or types of health information: Applicable to ADA Accommodations in the workplace _____ .

**Term:** I understand that this Authorization will remain in effect:
☐    From the date of this Authorization until the _____ day of _____, 20___ .
☒    Until the Provider fulfills this request.
☐    Until the following event occurs:_____

**Redisclosure:** I understand that my health care provider cannot guarantee that the recipient will not redisclose my health information to a third party. The third party may not be required to abide by this Authorization or applicable federal and state law governing the use and disclosure of my health information.

**Refusal to sign/right to revoke:** I understand that signing this form is voluntary and that if I don't sign, it will not affect the commencement, continuation or quality of my treatment at Harris-Stowe State University. If I change my mind, I understand that I can revoke this authorization by providing a written notice of revocation to the Office of Human Resources at the email address listed below. The revocation will be effective immediately upon my health care provider's receipt of my written notice, except that the revocation will not have any effect on any action taken by my health care provider in reliance on this Authorization before it received my written notice of revocation.

**Questions:** If you have any additional questions please feel free to contact our Human Resources Department at (314) 340-3340; Romney Edwards EdwardRo@hssu.edu.

_____          8/16/2021          _____
Employee Signature                     Date                     Signature of Witness

If Individual is unable to sign this Authorization, please complete the information below:

_____     _____     _____     _____
Name of Guardian/                Legal Relationship     Date     Witness
Representative

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Aug. 17. 2021  1:42°M                                                              No. 4518   P. 5



**HARRIS-STOWE**
STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

## Medical Inquiry Form
## ADA Reasonable Accommodation Request

**Information Pertaining to Medical Documentation:** In the context of assessing an accommodation request, medical documentation is required to determine if the employee has a disability covered by the ADA and to assist in identifying an effective accommodation. It is the responsibility of the employee to ensure this form is completed by the medical provider and returned back to the employer in order to complete the accommodation request.

Medical providers are asked to complete each section and fax back the signed and dated original form using the contact information on the attached document which also includes a description of the employee's job duties.

<u>**Fax Completed Form To The Attention of Romney Edwards at FAX #314.340.3395**</u>

**Employee Name:** _Kenneth Noe_

**A. Questions to help determine whether the employee has a disability.**

> <u>**1. Existence of impairment:**</u> For reasonable accommodation under the ADA, the employee has a disability if he or she has an impairment that substantially limits one or more major life activities or a record of such impairment.
>
> **Does the employee have a physical or mental impairment?** ☒YES ☐NO
>
> > **a. If yes, what is the impairment?** _Type II DM w/ hyperglycemia_
>
> <u>**2. Limitations on major life activities:**</u> Answer the following question based on what limitations the employee has when his or her condition is in an active state and what limitations the employee would have if no mitigating measures were used. Mitigating measures include things such as medication, medical supplies, equipment, hearing aids, mobility devices, assistive technology, auxiliary aids or services, prosthetics, etc. Mitigating measures do not include ordinary eyeglasses or contact lenses.
>
> **Does the impairment substantially limit a major life activity as compared to most people in the general population?** ☒YES ☐NO
>
> > **a.** If yes, what major life activity(s) (including major bodily functions) is/are affected? (Please circle).

| | | | |
|---|---|---|---|
| ☐Bending | ☐Hearing | ☐Reaching | ☐Speaking |
| ☐Breathing | ☒Interacting with Others | ☐Reading | ☐Learning |
| ☐Seeing | ☐Thinking Concentrating | ☐Lifting | ☐Sitting |
| ☐Walking | ☐Eating | ☐Performing Manual Tasks | |
| ☐Sleeping | ☐Working | ☐Standing | ☐Caring for Self |

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Aug. 17. 2021   1:49PM                                              No. 4518   P. 6

# HARRIS-STOWE
## STATE UNIVERSITY
### OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

Other (Describe):

**b.  If yes, what major bodily function(s) is/are affected? (Please circle).**

☐ Bladder    ☐ Digestive    ☐ Lymphatic    ☐ Reproductive

☐ Bowel    ☒ Endocrine    ☐ Musculoskeletal    ☐ Respiratory

☐ Brain    ☐ Genitourinary    ☐ Neurological    ☐ Special Sense Organs

☐ Hemic    ☐ Cardiovascular    ☐ Normal Cell Growth    ☐ Circulatory

☒ Immune    ☐ Operation of an Organ

Other (Describe):

<u>3. Duration:</u> Describe the nature, severity and anticipated duration of the impairment.

Temporary (explain): *Should work from home until further notice*

Anticipated duration: *due to high risk of Covid infection*

Temporary with residual side effects (explain):

Permanent:

Episodic/In Remission (explain):

**B. Questions to help determine whether an accommodation is needed.**

1. What limitation(s) is interfering with job performance or accessing a benefit of employment? *Diabetes w/hyperglycemia can cause dysfunction to immune system — high risk for possible COVID infection*

2. What job functions (description attached) or benefits of employment is the employee having trouble performing or accessing because of the limitation(s)? *High risk pt needing accommodation of working from home.*

3. How does the employee's limitation(s) interfere with his/her ability to perform the job function(s) or access a benefit of employment? *Can perform job duties but recommended pt works from home remotely*

**C. Questions to help determine effective accommodation options.**

1. Do you have any suggestions regarding possible accommodations to improve job performance? ☒ YES ☐ NO

a. If so, what are they? *Allow patient to work from home remotely*

2. How would your suggestions improve the employee's job performance? *Job can still be performed while decreasing risk factor to patient*

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Aug. 17. 2021   1:43PM                                          No. 4518   P. 7

# HARRIS-STOWE
### STATE UNIVERSITY
#### OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

**D. Other Questions or Comments:**

Health Care Provider Name: _Gina Hand-Foloff, APRN_

Health Care Provider Address: _6435 Chippewa St St Louis MO 63109_

Health Care Provider Phone Number: _314-366-3000_

Health Care Provider Signature: _/ Gina Hand-Foloff DNP_

Date: _8/18/2021_

Fax Completed Form to the Attention of **Romney Edwards** at FAX #**314.340.3395**

This authorization does not cover, and the information to be disclosed should not contain, genetic information. "Genetic Information" includes: Information about an individual's genetic tests; information about genetic tests of an individual's family members; information about the manifestation of a disease or disorder in an individual's family members (family medical history); an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or a family member of the individual; and genetic information of a fetus carried by an individual or by a pregnant woman who is a member of the individual and the genetic information of any embryo legally held by the individual or family member using an assisted reproductive technology.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



MERCY CLINIC INTERNAL MEDICINE -
CHIPPEWA
6435 CHIPPEWA STREET
SAINT LOUIS MO 63109-2104
Dept Phone: 314-366-3000
Dept Fax: 314-366-3001

8/18/2021

To Whom it May concern:

    Kenneth E Noe has medical conditions that would put him at increased risk of Covid infection. It is
recommended that he performs his job duties remotely and work from home. FMLA forms have been
completed to show this accommodation request. Please feel free to contact the office if there are any
additional questions or problems. Thank you for your time in this matter.


Gina Hand-Eoloff, APRN

1

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



**HARRIS-STOWE**
STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

## Medical Inquiry Form
## ADA Reasonable Accommodation Request

**Information Pertaining to Medical Documentation:** In the context of assessing an accommodation request, medical documentation is required to determine if the employee has a disability covered by the ADA and to assist in identifying an effective accommodation. It is the responsibility of the employee to ensure this form is completed by the medical provider and returned back to the employer in order to complete the accommodation request.

Medical providers are asked to complete each section and fax back the signed and dated original form using the contact information on the attached document which also includes a description of the employee's job duties.

<u>**Fax Completed Form To The Attention of Romney Edwards at FAX #314.340.3395**</u>

**Employee Name:**                    KENNETH NOE

**A. Questions to help determine whether the employee has a disability.**

    **1. Existence of impairment:** For reasonable accommodation under the ADA, the employee has a disability if he or she has an impairment that substantially limits one or more major life activities or a record of such impairment.

    **Does the employee have a physical or mental impairment?** ☒YES ☐NO

        **a. If yes, what is the impairment?** Major depressive disorder, recurrent, severe, without psychosis Panic disorder; Agoraphobia

    **2. Limitations on major life activities:** Answer the following question based on what limitations the employee has when his or her condition is in an active state and what limitations the employee would have if no mitigating measures were used. Mitigating measures include things such as medication, medical supplies, equipment, hearing aids, mobility devices, assistive technology, auxiliary aids or services, prosthetics, etc. Mitigating measures do not include ordinary eyeglasses or contact lenses.

    **Does the impairment substantially limit a major life activity as compared to most people in the general population?**    ☒YES ☐NO

        **a. If yes, what major life activity(s) (including major bodily functions) is/are affected? (Please circle).**

| | | | |
|---|---|---|---|
| ☐ Bending | ☐ Hearing | ☐ Reaching | ☐ Speaking |
| ☐ Breathing | ☒ Interacting with Others | ☐ Reading | ☐ Learning |
| ☐ Seeing | ☒ Thinking Concentrating | ☐ Lifting | ☐ Sitting |
| ☐ Walking | ☐ Eating | ☐ Performing Manual Tasks | |
| ☒ Sleeping | ☒ Working | ☐ Standing | ☒ Caring for Self |

**EXHIBIT**
tables
4

EXHIBIT B, Part 2 of 3

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



**HARRIS-STOWE**
STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

Other (Describe): Driving.

**b. If yes, what major bodily function(s) is/are affected? (Please circle).**

☐ Bladder  ☐ Digestive  ☐ Lymphatic  ☐ Reproductive

☐ Bowel  ☐ Endocrine  ☐ Musculoskeletal  ☐ Respiratory

☐ Brain  ☐ Genitourinary  ☐ Neurological  ☐ Special Sense Organs

☐ Hemic  ☐ Cardiovascular  ☐ Normal Cell Growth  ☐ Circulatory

☐ Immune  ☐ Operation of an Organ

Other (Describe):

**3. Duration:** Describe the nature, severity and anticipated duration of the impairment.

Temporary (explain):

Anticipated duration:  6-12 months

Temporary with residual side effects (explain):  Can have ongoing anxiety with periodic flare ups

Permanent:

Episodic/In Remission (explain):  Has ongoing anxiety and depression with periodic exacerbations

**B. Questions to help determine whether an accommodation is needed.**

1. What limitation(s) is interfering with job performance or accessing a benefit of employment?
Anxiety and fear of leaving house, intense anxiety among crowds, recurrent panic attacks, anxiety related driving and being around other people being unsafe or unhealthy; severe depression

2. What job functions (description attached) or benefits of employment is the employee having trouble performing or accessing because of the limitation(s)?

Being in a class or teaching class in-person due to fear of being around crowds of people and getting sick

3. How does the employee's limitation(s) interfere with his/her ability to perform the job function(s) or access a benefit of employment?

Patient can have severe difficulty and has had to call off work due to being unable to drive comfortably, get to work and due to severe anxiety of being in a class with other people.

**C. Questions to help determine effective accommodation options.**

1. Do you have any suggestions regarding possible accommodations to improve job performance?
☒ YES ☐ NO

a. If so, what are they?  Patient may be able to maintain his work on a virtual or remote basis

2. How would your suggestions improve the employee's job performance? Being in a safe/familiar environment at home

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM



# HARRIS-STOWE
### STATE UNIVERSITY
OFFICE OF HUMAN RESOURCES

3026 Laclede Ave | St. Louis, MO 63103
(314) 340-3563 | (314) 340-3395
www.hssu.edu

**D. Other Questions or Comments:**

Health Care Provider Name:  SAIF-UR-RAHMAN PARACHA, MD

Health Care Provider Address:  5000 CEDAR PLAZA PARKWAY, SUITE 350, ST. LOUIS MO 63128

Health Care Provider Phone Number:  314-843-4333

Health Care Provider Signature:

Date:  8/30/2022

**Fax Completed Form to the Attention of <u>Romney Edwards</u> at FAX #314.340.3395**

This authorization does not cover, and the information to be disclosed should not contain, genetic information. "Genetic Information" includes: Information about an individual's genetic tests; information about genetic tests of an individual's family members; information about the manifestation of a disease or disorder in an individual's family members (family medical history); an individual's request for, or receipt of, genetic services, or the participation in clinical research that includes genetic services by the individual or a family member of the individual; and genetic information of a fetus carried by an individual or by a pregnant woman who is a family member of the individual and the genetic information of any embryo legally held by the individual or family member using an assisted reproductive technology.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

# PCC PSYCH CARE CONSULTANTS

## WORK/SCHOOL EXCUSE

**Clayton**
1201 Bellevue Avenue
St. Louis, MO 63117
Ph: 314-647-4488
Fax: 314-647-6305

Date: 8/30/22

Please excuse Kenneth Noe _____ from

☒ School
☒ Work

**Hazelwood**
737 Dunn Road
Hazelwood, MO 63042
Ph: 314-569-1717
Fax: 314-569-0441

For the following date(s):

8/15/22 through 8/30/22

May return on:

**St. Peters**
4905 Mexico Road
Suite 300
St. Peters, MO 63376
Ph: 636-928-5109
Fax: 636-441-1081

8/31/22

Please contact my office at 314-569-1717 if you require additional information.

**South County**
5000 Cedar Plaza Parkway
Suite 350
St. Louis, MO 63128
Tel: (314) 843-4333
Fax: (314) 843-4856

Sincerely,

CC: Patient's File

**West County**
763 S. New Ballas Road
Suite 110
St. Louis, MO 63141
Ph: 314-569-1717
Fax: 314-569-0441

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

**EXHIBIT**

**5**

# HARRIS–STOWE
## STATE UNIVERSITY
### *Change* HAPPENS HERE

**OFFICE OR HUMAN RESOURCES**

August 18, 2022

Dr. Kenneth Noe

Redacted-Personal Identifier

Dear Dr. Kenneth Noe,

I am writing with regards to your recent request for a continued remote-work accommodation.

As you were made aware in the communication from this office on January 24, 2022 responding to your penultimate ADA Accommodation request, "[a]fter careful review, we have determined that we will grant the accommodation of remote work through 5/14/2022. However, we are unable to continue to provide you with a reasonable accommodation of remote work after 5/14/22. This is due to the need of having Faculty on site to fulfil required student facing interactions and your past failure to participate in meetings and events (including virtual events) where attendance is required [of] faculty (emphasis added)." This office in consultation with the administration now informs you that the requested accommodation submitted on August 8, 2022 to work remotely through Spring 2023 is denied.

The University (and the world) have been compelled to manage a difficult past two years with the COVID-19 pandemic, shifting student needs and demands, and critical assessments of the University's needs. The University's students, including some of your past students, have suffered gravely on account of the remote environment and thus it is in the best interest of the student body as a whole, and commensurate with the University's needs, that all faculty instruct in person and be present to hold in-person office hours, perform their respective faculty advising duties in person, fulfil other administrative functions including those provided for in the CBA in person, and be accessible to administrators. All faculty are expected to serve our students in an interactive manner which requires day-to-day coordination with the students, as well as with administrators, to ensure the University is optimally serving our students. Your presence on campus is an essential function of your role as a member of faculty, and the University has determined that continued remote work would create an undue hardship for the University.

However, the University is committed to engaging with you to arrive at accommodations that meet the needs of the University and address the concerns raised by your request. Specifically, the University proposes the following accommodations:

1) Permitting you to require masks of students in your class, as well as during meetings with administrators, faculty and students (for conferences, advising, or otherwise);
2) Permitting you to restrict the front row of your classroom;
3) Limiting the classroom size to 12 to enable social distancing in the classroom; and
4) Permitting you to take an additional 15 minute break during class time if needed to address your health, so long as the amount of additional breaks are reported to your Dean so that a determination can be made as to whether the students need a supplemental assignment or tasks to make up class-time.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

If the above accommodations are acceptable to you, please advise and we will take steps to implement them.  If you do not believe some or all of these suggested accommodations are necessary, please advise.  If you have another articulable on-campus accommodation that may be more closely tailored to your concerns, please let us know so that we may discuss.

We look forward to your timely response so that action can be taken prior to the return of our students.

Sincerely,

Monique C. McKinney
Office of Human Resources
Harris-Stowe State University
3026 Laclede Ave
St. Louis, MO 63103
P: (314) 340-3340

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

**EXHIBIT**
tabbies
**6**

# HARRIS—STOWE

## STATE UNIVERSITY

*Change* **HAPPENS HERE**

**OFFICE OF HUMAN RESOURCES**

September 9, 2022

**VIA EMAIL AND FEDERAL EXPRESS**
Kenneth Noe
Redacted-Personal Identifier

Dear Dr. Noe,

We are in receipt of the submission from Psych Care Consultants dated August 30, 2022, which was received by facsimile at 2:16 pm on that date.  This Psych Care Consultants submission follows your initial submission from Mercy Internal Medicine, which is dated August 8, 2022 and was received by facsimile at 11:50 am on that date. The University has compared the differences in the reported impairment and limitations.

The University has communicated to you that in-person instruction and advising of students is an essential function of your job. The University has also demonstrated, on numerous occasions, its intent and commitment to engaging with you to arrive at reasonable accommodations, that meet the needs of the University which are, among other things, to provide our students with in-person instruction and advising. Specifically, on August 18, 2022, the University proposed:

1) Permitting you to require masks of students in your class, as well as during meetings with administrators, faculty and students (for conferences, advising, or otherwise);
2) Permitting you to restrict the front row of your classroom;
3) Limiting the classroom size to 12 to enable social distancing in the classroom; and
4) Permitting you to take an additional 15 minute break during class time if needed to address your health, so long as the amount of additional breaks are reported to your Dean so that a determination can be made as to whether the students need a supplemental assignment or tasks to make up class-time.

Your response to this opening attempt by the University to commence an interactive process was submitted that same day, August 18, 2022, and there you **rejected** each proposed accommodation

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

and instead stated that because your doctor[1] recommended remote work accommodations, that you will hold firm that the only accommodation you will accept is remote work.

The University further communicated with you on August 19, 2022 when it was expressed that:

> "The university has communicated that remote work poses an undue burden and therefore the requested accommodation [of remote work] was not approved…The University remains committed to engaging with you in this regard…Please confirm that you will not engage with the University in crafting reasonable accommodations that will permit you to work in person."

You did not respond to this communication. You have not proposed any reasonable accommodations that would permit you to provide our students with the needed in-person instruction, or meet an essential function of your job which his to provide in-person instruction and student advising.  You have therefore refused to engage in an interactive process in any meaningful manner whatsoever.

The University notes that in addition to your unacceptable actions outlined in this office's August 28, 2022 communication concerning your unilateral cancellation of class and the issues created by these actions, in stark violation of the University's directives to you, you have since directly contacted students and instructed them to visit an on-line platform where you would essentially conduct the classes assigned to you online.  Several students have complained in-person about this to the University.  Some students have opted to remove themselves from the courses assigned to you, and for others, the University is now compelled to craft student-focused solutions.

You were informed last academic year that in-person instruction would be required for all faculty for academic year 2022-2023.  You were informed on August 28, 2022 that the University expects you to hold in-person classes, as consistent with both the University and our students' expectations of you.  You have refused to respond in writing with a proposal describing anything the University could do to accommodate you providing in-person instruction and advising.  Your insubordination and refusal to communicate effectively or meaningfully with your Dean, and your actions to essentially convert your assigned in-person classes to online instruction despite the University's communications to you is cause for termination.

Therefore, you are hereby informed that effective immediately, your employment with the University is terminated.  Please return your University access including your badge, keys, documents, and any other University property to the Office of Human Resources no later than 5pm on September 14, 2022.  Please call the undersigned to make arrangements.  If you would prefer to send the University property by courier, please advise and we will send a prepaid box to your home.  As a courtesy, you will be paid your full salary until September 30, 2022.  You will soon receive information in a separate communication regarding COBRA.

---

[1] The paperwork submitted by Mercy Internal Medicine was by created and signed by a nurse.

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Regards,

*Monique C. McKinney*

Monique C. McKinney
Office of Human Resources
Harris Stowe-State University
3026 Laclede Avenue
St. Louis, MO 63103
(314)340-3340

cc: Personnel File

.

.

EXHIBIT

tabbies®

7

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

**From:** Noe, Kenneth <NoeK@hssu.edu>
**Sent:** Friday, September 23, 2022 12:30 PM
**To:** Daniel Bryar
**Subject:** Fw: FMLA/ADA interactive process meeting

Kenneth Noe, PhD
Assistant Professor of Philosophy
Gen Ed Advisory Council Chair
Missouri CCAC Humanities Team
Harris-Stowe State University
Saint Louis, MO
(314) 340-3681
College of Arts and Sciences

**From:** Charlyn Shepherd <charlyn.shepherd@mnea.org>
**Sent:** Friday, September 2, 2022 10:20 AM
**To:** Noe, Kenneth <NoeK@hssu.edu>; Davis, Terry Daily <DavisT@hssu.edu>; McKinney, Monique <MckinnMc@hssu.edu>
**Subject:** RE: FMLA/ADA interactive process meeting

[CAUTION: EXTERNAL MESSAGE] This message originated from a non-HSSU account. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email. If you have concerns, contact helpdesk@hssu.edu.
Good Morning,

We are again requesting the interactive process meeting as identified in EEOC.
It is imperative that this meeting occur as to the impact on the students and to Dr. Noe during this waiting period.

It is my understanding that the law requires that the University is required to hold an interactive meeting with the employee and the representative of their choosing **before a decision on the ADA request is made.**

**Please advise when such a meeting will be scheduled**. The purpose is to provide an opportunity to discuss Dr. Noe's need for an accommodation directly, and/or to explore whether or not there are alternative accommodations. Until such Dr. Noe is to be held harmless.

Please feel free to ask any questions. Please provide dates and times of availability for this meeting.

Thank you,
Charlyn Shepherd

**From:** Charlyn Shepherd
**Sent:** Friday, August 26, 2022 3:50 PM
**To:** Noe, Kenneth <NoeK@hssu.edu>; Davis, Terry Daily <DavisT@hssu.edu>; McKinney,Monique

1

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

\<MckinnMc@hssu.edu\>
**Subject:** FMLA/ADA interactive process meeting

Good Afternoon,

Dr. Noe has resubmitted the required paperwork for his request for ADA Accommodations.
It is my understanding that the law requires that the University is required to hold an interactive meeting with the employee and the representative of their choosing  before a decision on the ADA request is made.

Please advise when such a meeting will be scheduled. The purpose is to provide an opportunity to discuss Dr. Noe's need for an accommodation directly, and/or to explore whether or not there are alternative accommodations. Until such Dr. Noe is to be held harmless.

It is imperative that this meeting occur as to the impact on the students and to Dr. Noe during this waiting period.

Please feel free to ask any questions.

Thank you,
**CHARLYN SHEPHERD, UNISERV DIRECTOR**
**UNIT 4    MISSOURI NEA**
314-584-1306 OFFICE
314-993-2962 FAX

"SOMETHING BETTER FOR STUDENTS AND PUBLIC EDUCATION"

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

| | |
|---|---|
| **From:** | Kenneth Noe [Redacted-Personal Identifier] |
| **Sent:** | Monday, September 19, 2022 1:51 PM |
| **To:** | Loretta K. Haggard |
| **Subject:** | Fwd: paycheck short |

**EXHIBIT**

tabbies

**8**

FYI.

--------- Forwarded message ---------
From: **Kenneth Noe** [Redacted-Personal Identifier]
Date: Mon, Sep 19, 2022 at 1:49 PM
Subject: Re: paycheck short
To: Finley, Terence <FinleyT@hssu.edu>
Cc: McKinney, Monique <MckinnMc@hssu.edu>, Charlyn Shepherd <charlyn.shepherd@mnea.org>

Dr. Finley,

Thanks for getting back to me. This is more than an inconvenience. If it's all the same, I need the deposit now. I should not have to wait due to the University's error. Please have the deposit made this week. Thank you.

-Dr. Noe

On Mon, Sep 19, 2022 at 1:38 PM Finley, Terence <FinleyT@hssu.edu> wrote:

Dr. Noe, good afternoon. I trust all is well. I was able to sync with HR regarding this matter. You are correct, you are due to be paid thru 9/30/22. I will include the delta from the 9/15 payroll into your 9/30 payroll. Sorry for the inconvenience.

Thx & Rgds,

TFIN

**From:** Finley, Terence
**Sent:** Friday, September 16, 2022 1:45 PM
**To:** Kenneth Noe [Redacted-Personal Identifier]
**Subject:** RE: paycheck short

Dr. Noe, thanks much for following up with me. I'll sync with HR & payroll on this matter and get back to you in short order.

1

**NOE PETITION EXH 3, Page 40 of 43**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Thx & Rgds,

TFIN

---

**From:** Kenneth Noe ████████ Redacted-Personal Identifier ████████
**Sent:** Friday, September 16, 2022 12:18 PM
**To:** Finley, Terence <FinleyT@hssu.edu>
**Subject:** Re: paycheck short

**[CAUTION: EXTERNAL MESSAGE]** This message originated from a non-HSSU account. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email. If you have concerns, contact helpdesk@hssu.edu.

Dr. Finley, I was terminated on 9/9. In any case, I was told by HR I would receive my fully salary until 9/30. Please advise.

On Fri, Sep 16, 2022 at 12:12 PM Finley, Terence <FinleyT@hssu.edu> wrote:

Dr. Noe, thanks for reaching out to me.  I need to dig into the matter for you.  What was your last date of employment at HSSU? Please advise. If it was prior to the end of the pay period, that may be the cause for the shortage you identified.

Thx & Rgds,

TFIN

**With Hornet Pride,**

**Terence Finley**

Vice President and Chief Financial Officer

Office of Business and Financial Affairs

2

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Harris-Stowe State University

P: (314) 340-5770

www.hssu.edu



**HAPPENS HERE**

**From:** Kenneth Noe ▨▨▨ Redacted-Personal Identifier ▨▨▨
**Sent:** Wednesday, September 14, 2022 5:15 PM
**To:** Finley, Terence <FinleyT@hssu.edu>
**Subject:** paycheck short

[CAUTION: EXTERNAL MESSAGE] This message originated from a non-HSSU account. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email. If you have concerns, contact helpdesk@hssu.edu.

Hi Dr. Finley,

I had just called and left you a message about my paycheck being short about $611. If you could please get back to me asap. I also left a message with HR. Thank you.

-Dr. Noe

--

Kenneth Noe, PhD
Assistant Professor of Philosophy
Harris-Stowe State University
Saint Louis, MO

(314) 340-3681 (office)

3

**NOE PETITION EXH 3, Page 42 of 43**

Electronically Filed - CITY OF ST. LOUIS - December 04, 2023 - 10:30 AM

Redacted-Personal Identifier (mobile)

College of Arts and Sciences

--

Kenneth Noe, PhD
Assistant Professor of Philosophy
Harris-Stowe State University
Saint Louis, MO

(314) 340-3681 (office)

Redacted-Personal Identifier (mobile)

College of Arts and Sciences

--

Kenneth Noe, PhD
Assistant Professor of Philosophy
Harris-Stowe State University
Saint Louis, MO
(314) 340-3681 (office)
Redacted-Personal Identifier (mobile)
College of Arts and Sciences

--

Kenneth Noe, PhD
Assistant Professor of Philosophy
Harris-Stowe State University
Saint Louis, MO
(314) 340-3681 (office)
Redacted-Personal Identifier (mobile)
College of Arts and Sciences

4