UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH NOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-56 RLW |
| ) | |
| HARRIS STOWE STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This removal matter is before the Court on defendant's motion to dismiss the amended complaint and plaintiff's motion to remand to state court . (Docs. 27, 34). The motions are briefed and ready for review. For the reasons set forth below, the Court denies both motions and grants plaintiff leave to file a second amended complaint.

**I. Background**

Plaintiff Kenneth Noe initially filed suit in the Circuit Court for the City of St. Louis, Missouri, alleging defendant Harris Stowe State University (Harris-Stowe), discriminated against him in his employment based on his disability. In his original state court petition, plaintiff asserted claims under the Americans with Disabilities Act (ADA), 42 U.S.C. 12101, and state law. Defendant timely removed to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The Court granted plaintiff leave to amend his complaint. In his amended complaint, plaintiff asserts claims for disability discrimination and hostile work environment based on disability under the Missouri Human Rights Act (MHRA); failure to accommodate and retaliation in violation of the ADA; breach of contract (Collective Bargaining Agreement); violation of RSMo. § 174.150,

1

breach of plaintiff's individual employment agreement; and judicial review under the Missouri Administrative Practices Act (MAPA).

Defendant now moves to dismiss, arguing plaintiff's ADA and MHRA claims are barred by Eleventh Amendment sovereign immunity and that his remaining supplemental state law claims should be dismissed for failure to state a claim.

In response to defendant's motion, Plaintiff filed a notice of voluntary dismissal of his federal ADA claims pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i) and moved to remand on the basis that the Court does not have subject matter jurisdiction as his remaining supplemental claims do not arise under federal law.

Defendant opposes remand, contending plaintiff has not dismissed all the claims over which the Court has jurisdiction, and that plaintiff cannot dismiss his federal claims for the sole purpose of stripping the Court of jurisdiction. Defendant states it does not oppose dismissal of the federal claims but insists the Court should address the merits of plaintiff's supplemental claims.

## II. Discusssion

A party may remove a claim from state to federal court if the federal district court has original jurisdiction over the matter. 28 U.S.C. §1441(a); Cagle v. NHC Healthcare-Maryland Heights, LLC, 78 F.4th 1061, 1065 (8th Cir. 2023). When removal is based on federal question jurisdiction, the claim must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(c). Whether a claim "arises under" federal law is governed by the contents of a well-pleaded complaint. Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC, 843 F.3d 325, 329 (8th Cir. 2016)

A "plaintiff wishing to eliminate particular claims or issues from [an] action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." 8 James Wm. Moore, et al.,

2

Moore's Federal Practice § 41.21[2] (3d ed. 2016).  Rule 41(a) only permits the voluntary dismissal of an action, or all of the claims against a particular defendant, as opposed to dismissal of fewer than all of the claim against any particular defendant.  Id. § 41.21[1] (citing cases).

A plaintiff can defeat federal question jurisdiction by eliminating references to federal law in an Amended Complaint. Wullschleger v. Royal Canin U.S.A., Inc.,  75 F.4th 918, 924 (8th Cir. 2023). See also Highway Const. Co. v. McClelland, 15 F.2d 187, 188 (8th Cir. 1926) ("The plaintiff, after jurisdiction has attached, may so change his pleading voluntarily that the court will no longer have jurisdiction on the face of the pleading. If this is done, it then becomes the duty of the court to remand the case, if it be a removed case.").

In light of the above, the Court grants Plaintiff leave to file a Second Amended Complaint, no later than June 28, 2024,  which will then become the operative complaint, In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000), and at such time the Court will revisit the question of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand for lack of subject matter jurisdiction is **DENIED** without prejudice.  (Doc. No 34).

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss directed toward the amended complaint is denied without prejudice as moot.  (Doc. No. 27)

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file a second amended complaint no later than **June 28, 2024**.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of June, 2024.

3