UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH NOE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-CV-56 RLW |
| HARRIS-STOWE STATE UNVERSITY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF REMAND

This removed matter is before the Court on Plaintiff's motion to remand and the court's own review of the file. Plaintiff initially filed suit in the Circuit Court for the City of St. Louis, State of Missouri. The state court petition asserted claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, and state law pertaining to his employment with defendant. (ECF No. 6) Defendant removed to this Court based on federal questions raised in Counts II and IV of the petition and supplemental jurisdiction over the remaining claims. (ECF No. 9-1.)

On June 20, 2024, the Court granted Plaintiff leave to file a second amended complaint. On June 27, 2024, Plaintiff filed his Second Amended Complaint and moved to remand. (ECF Nos. 40-41) The Second Amended Complaint does not contain any claims arising under federal law. Plaintiff's claims arise solely under Missouri state law. (ECF No. 40.) As no federal claims remain in this action, the Court must determine whether the state law claims before it should proceed.

### Discussion

"Courts have an independent obligation to determine whether subject matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from

the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., No. 05-3100, 445 F.3d 1046, 1050 (8th Cir. 2006). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

It is within the discretionary authority of this Court to decline to exercise supplemental jurisdiction over state law claims once it has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see Reeve v. Oliver, 41 F.3d 381, 383 (8th Cir. 1994) (per curiam); McLaurin v. Prater, 30 F.3d 982, 984-85 (8th Cir. 1994). The Supreme Court has stated that if "the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

Here, the plaintiff has removed the federal claims over which this Court had original jurisdiction; the remaining claims are based on state discrimination and contract theories. Thus, the Court may refuse to exercise supplemental jurisdiction over these claims. The case is in its early stages and no scheduling order has been issued. Any discovery the parties may have performed up to this point may be used in state court. The Court therefore concludes that the interests of justice do not require that the Court retain jurisdiction over the state law claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **GRANTED**. (ECF. No 41)

2

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis, State of Missouri, from which it was removed.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd of July, 2024.